# WISCONSIN REPORTS. 605

Shepardson vs. Milwaukee and Beloit R. R. Co.

CLARK SHEPARDSON, Appellant,

*vs.*

THE MILWAUKEE & BELOIT RAILROAD COMPANY
ET AL., Respondent.

### APPEAL FROM THE MILWAUKEE CIRCUIT COURT.

So much of the act of the Legislature, approved April —, 1857, amendatory to the charter of the Milwaukee and Beloit Railroad Company, as authorizes the taking of private property without making compensation therefor, or providing the means by which compensation can be obtained, is unconstitutional and void.

The owner of land, taken for public use, ought not to be subjected to a law suit to ascertain the value of the land taken, or to obtain compensation for the same.

An unconstitutional act of the legislature, amendatory to the charter of the Milwaukee and Beloit R. R. Co., in regard to the taking of private property for the use of their road, and purporting to repeal so much of the charter as is inconsistent therewith, being void, does not operate to repeal the original charter in that respect.

This was an appeal from an order of the circuit court of Milwaukee county, dissolving an injunction.

The action was commenced April 21, 1857, by serving and filing a complaint, in substance, as follows:

"The complaint of the above named plaintiff respectfully shows to this court that the Milwaukee & Beloit Railroad Company are a body politic, incorporated by the legislature of this state, by act approved March 29, 1855, entitled an act to incorporate the Milwaukee & Beloit Railroad Company, that the plaintiff now is, and for more than twelve years last past, has been seized in fee of all that piece or parcel of land, situate in said county, known and described as that part of the west half of the south-east quarter of section thirty-one (31), in the eighth ward of the city of Milwaukee, lying south of the Mequonago road, and containing about sixty-five acres, and that he is now residing upon, and in the actual possession of, the said part of the said half quarter section; that, as the plain-

tiff has been informed, and as he believes and charges, the said Railroad Company have located the route of their said Railroad sixty-six feet wide, in a north-easterly and south-westerly direction, upon and across the said part of the said half quarter section, from a point on the west line of said half quarter section about six rods north of the south-west corner of said half quarter section to a point on the east line of said half quarter section, about thirty-five rods north of the south-east corner of said half quarter section; that such location of said railroad was made without the consent and against the wishes of the plaintiff; that on the fourteenth day of April, one thousand eight hundred and fifty-seven, the said railroad company, by the said other defendants, William Mullen, Thomas Hinch and Nicholas O'Bryne, and their workmen, agents and servants, unjustly, and without the consent of the plaintiff, broke and entered the said part of the said half quarter section, and took exclusive possession of part of the route of their said road across said part of said half quarter section, and threatened to take exclusive possession of the residue of said route of said road, across said half quarter section, and have evicted, and threaten to evict the plaintiff therefrom, and have commenced the construction of their said railroad across the said part of the said half quarter section, by making ditches on one or both sides of the route of said road, across the said half quarter section, and threaten to continue and complete the construction of the said road on the said route upon and across said part of said half quarter section; that the quantity of land contained in the route of said road as located across said part of said half quarter section is about two acres, worth, in the opinion of the plaintiff, two thousand dollars per acre, and the damage to the plaintiff, in his opinion, by the construction of said railroad, across said part of said half quarter section on said route, would be, at least, three thousand dollars, besides the value of the land taken; that said land contained in said route across said part of said half quarter section, has been taken by said railroad company, as aforesaid, without any compensation being made or offered therefor to

WISCONSIN REPORTS. 607

Shepardson vs. Milwaukee and Beloit R. R. Co.

the plaintiff by said company, or on its behalf, and that, although the said route has been located more than

months, the said company have not caused, or attempted to cause, the value of the land taken to be ascertained in any manner whatever, or the amount of damage the taking thereof would be to the plaintiff, and no agreement has been made between the plaintiff and the defendants in relation thereto. Wherefore, this plaintiff demands judgment against the said defendants, and that the said defendants, their agents, attorneys, workmen and servants, may be perpetually restrained and enjoined from continuing the construction of the said railroad, upon or across any part of the said half quarter section, and from entering or continuing upon the said part of the said half quarter section, for the purpose of commencing, continuing or completing the construction of the said road, or any part thereof; and that in the mean time, the defendants, &c., may be restrained as above, and that the plaintiff may have such further or other relief as the nature of the case may require, and as to this court may seem proper and agreeable to equity." Which was duly verified by the oath of the plaintiff.

On the 15th day of April, 1857, an injunction was allowed by D. E. Cameron, Esq., court commissioner, restraining the defendants from the further construction of their road upon or across the land mentioned in the complaint.

On the 17th of April, 1857, order was granted to show cause why said injunction should not be dissolved, at the court house in the city of Milwaukee, on the 21st day of April, 1857, before the Hon. Arthur McArthur, circuit judge, at which time and place the counsel for the respective parties appeared, and the matter being heard, on the 23d day of April, the injunction allowed by Cameron, the court commissioner was dissolved, and from this order the complainant appealed.

*Brown and Ogden*, for the appellant.

I. That by the constitution of the State of Wisconsin, private property cannot be taken for public use without just compensation, which implies by its own terms, that compensation is

the condition precedent.    Rev. Stat. 2.  20, sec. 13 ;  *Eble vs. Mil. & Miss. R. R. Co.* 4 Chandler, 72 ;  *Hart vs. Mil. and Miss. R. R. Co.* 4 Chandler, 88.    To say that a right of action against a corporation, which may be worthless before judgment obtained, is a compensation within the spirit of the constitution, is to deprive the citizen of all protection from the provision : it is, indeed, to keep the word of promise to the ear, and break it to the hope.    We admit that in many of the older states under the terms of a constitution somewhat different from our own, courts have gone far toward sustaining encroachments upon private rights of this nature.    But their decisions are frequently based upon peculiarities of local history which make them dangerous precedents.    The decisions in Pennsylvania have been quoted in the majority of cases where an effort has been made to nullify the provision of the constitution alluded to.    But in that state by a reservation in the original grants of lands, compensation becomes a mere gratuity and not a right.    3 Barr, 336.

Those doctrines as to the power of parliament and as to prerogative, which have so influenced adjudications in some of the other states, have never existed in the north-west territory.    Article 2 of the ordin  of '87 ;  *L. Clark et al. vs. Gallipolis*, 7 Hammond, ?        Leigh, 278.

II.    By the terms of t        ial charter, the company had no power to enter upon .  u.     he lands until compensation made or tendered.    Local Laws of 1855, p. 266 ;  *Eble vs. Mil. and Miss. R. R. Co.*, 4 Chandler, 72 and 88.    And the amendment to the charter, so far as an attempt is made to give the right of taking and keeping possession before compensation made, is void.    Sess. L. 1856, p. 1057 ;

1st.    Because it allows an application to the court for the appointment of commissioners, only on the part of the company, so that if the company refuse so to apply, they may keep possession of the lands and make no compensation.

2d.    Because the rule of compensation is the value not at the time of the appraisement thereof, but at the time of the

taking, and yet interest is not given on such value from the time of taking to the time of appointment;

3d. Because it allows an appeal by the railroad company, and yet does not give interest from the time of the appraisement to the time of trial;

4th. It gives to the owner merely the value of his land, but allows him no compensation for damages done by reason of the taking.

The provisions of the constitution are not merely for payment of the value, but for compensation for the taking, and therefore the legislature cannot deprive the citizen of his property, and withhold from him rent, the value during the pleasure of the company, and interest which might stand in lieu of rent, and compensates at times for a temporary withholding of value. In this case it is shown by the complaint that the injury to the plaintiff below by reason of the taking beyond the actual value of the part of his tract of land which is taken is over three thousand dollars; we are unable to perceive upon what principle compensation for this injury by reason of the taking of his property, does not come within the provisions of the constitution. We know of no other company who have ever obtained or attempted to obtain a grant of power so subversive of public justice and of private right, (except, perhaps, the La Crosse and Milwaukee, by an amendment to their charter, obtained, we believe, at the same session.)

To determine upon the effect of decisions in other states, it may be well to look at the terms of their respective constitutions in regard to compensation. In the constitution of New York, adopted in 1777, and in force until 1822, there was no direct provision on the subject. See also form of provision Massachusetts statutes, p. 22; statutes of New Jersey, p. 23. We hold the amendment to the charter therefore to be void, both as violating the constitution and as against common right.

III. The order to show cause itself, is a mere substitute or a motion, and should notify the parties in the same manner

as a motion, of grounds relied upon. Code, p. 86, sec. 304; 1 Whittaker's Prac. pp. 179, 180, 181. The order in this case gives no notice to the complainant of such grounds.

IV. The charter of the company gives them the right only to locate their track from Milwaukee to Beloit. It has not the provision contained in the charter of other Milwaukee companies, which gives them the right to locate their depot within the city. The word " to" has sometimes been held to have the force of the Latin word " *ad*" and the English word " into ;" but we know of no process by which the signification of the word " from" can be so extended. Local laws of 1855, p. 363; *President, Directors and Co. of Farmers' Turnpike vs. Coventry*, 10 Johnson; 6 Paige, 554.

*Levi Hubbell*, for the respondents.

The complaint sets out that the appellant owns a tract of land in the eighth ward of the city of Milwaukee; that the appellees have located the line of their railroad across the same, sixty-six feet in width; that no contract or agreement for the land has been made with the appellant, and no compensation paid or offered; that no appraisement of the value of the land has been made; that the appellees and their agents are digging up the earth and occupying and using the land for the construction of their road; that such use and occupation are without the appellant's consent, against his wishes, and greatly to his damage; and prays for injunction.

The appellees moved in the court below, to dissolve the injunction granted by D. E. Cameron, court commissioner. This motion was founded upon the appellant's complaint, and on the appointment of commissioners on file in the circuit court.

The appellees say:

I. The right to use and occupy the land, as stated in the complaint, is granted by their charter, (Sess. Laws, Wis., P. & L. L., Chap. 262, sec. 1 and 11, pages 362 and 365; also, act approved Oct 2, 1856, Sess. Laws 1856, p. 1057–8–9.)

II. It was not necessary that an appraisement should first be

made, or the amount thereof paid or tendered. Act of 2nd Oct., '56, sec. 2 and 3. *Newcomb vs. Smith*, 1 Chan. 71, 3 Selden's N. Y. Rep. 325. *Eble vs. M. & M. R. R. Co.*, 4, 78–9. *Hatch vs. Ver. Cent. R. R. Co.*, 25 Ver. Rep. 66. *Bloodgood vs. M. and H .R. R. Co.*, 14 Wend 51, and cases cited by J. Sutherland. 1 Barr's Rep. 309, 2 Id., 398. *Baker et al. vs. Johnson*, 2 Hill 342, Bronson J. p. 347–8.

III. The location of the road by resolution, and the appointment of commissioners, gave to the appellant a vested right to compensation. He might, at any time, apply to the commissioners to appraise his land, taken and occupied by the appellees. The word " may " means " must." *Malcom vs. Rogers*, 5 Conn. R. 188, and 193–4. *The N. B. Turnpike Co. vs. Miller*, 5 John. ch. R. 112–13–14., and cases there cited.

IV. The appellees, having followed the law, their acts are not torts ; and courts will not interfere to restrain them, unless the law is clearly unconstiutional. *Deering vs. The York and Cumberland R. R. Co.*, 1 Am. R. R. cases 153–4–5–6. *Mason vs. The Kennebeck. &c. R. R. Co.*, Id. 170 and note, see also, separate opinion of Houston J. in *Jorden vs. P. W. and B. Rail R. Co.*, 2 Am. R. R. cases 218–19.

V. Courts of equity will not restrain acts conformable to the charter, upon a preliminary motion. 1 Am. R. R. cases (cited above) 153–4–5–6. *Bruce vs. Del. and Hud. Canal Co.*, 19 Barb. S. C. Rep. 377–9. 20 John R. 737. 7 John. ch. R. 344. 1 Bald. C. C. Rep. 230, &c. 3 Paige Rep. 573.

*By the Court*, WHITON, C. J—This case came here by appeal from an order of the circuit court of Milwaukee county, dissolving an injunction which had been previously granted restraining the defendants from constructing their road across the land of the plaintiff.

The facts in the case, so far as they relate to the question presented, are as follows.

On the fourteenth day of April, 1857, the R. R. company by their agents entered upon the land of the plaintiff, and com-

menced the construction of their road, without the consent of the plaintiff, taking exclusive possession of a portion of the land, threatening to take such possession of the whole of the land, and to complete the construction of the road; that the damage occasioned by the construction of the road will be very considerable, and that the company has not paid or offered to pay anything to the plaintiff as compensation for the damage caused by their acts.

The constitution of this State contains the following provision: "the property of no person shall be taken for public use without just compensation therefor." (Art. 1, § 13.) It has been argued by the counsel for the appellees, that although some compensation must be made by the company for the land taken for the uses of the road, it is not necessary that it should be made simultaneously with the act of taking; that it is sufficient if compensation shall hereafter be made as provided in the charter of the company. It appears that by an act of the legislalature, approved March 27th, 1857, amending the charter of the company, the company was authorized to enter, by its officers, agents &c., upon any land for the purpose of surveying and determining the route of the road; and when the route of the road should be determined by the board of directors, it was further authorized to take, possess, use and occupy the land along and including the line of said route, not exceeding one hundred feet in width. By another provision of the act of the legislature in question, the company was authorized to apply to the judge of the circuit court for the appraisal of the value of the lands taken for the use of the road. The act contains other provisions relating to the subject, but they do not appear to affect the question before us. It is to be observed that the act of the legislature does not contain any provision authorizing any person other than the company to apply for the appointment of the commissioners. We are of opinion that this act, so far it attempts to authorize the taking and use of the land of individuals by the company, without making any compensation, or providing any means by which compensation can be obtained by those whose

property is taken, is repugnant to the section of our constitution above recited. In the case of *Norton vs. Peck*, 3d Wis. R., 714, we held that the authorities of a town could not take the land of a private person for the purpose of a highway, without making compensation or providing the means for ascertaining its value.

In that case we said that the fact that all the taxable property of a town was liable for the damage sustained, and constituted a fund to which the owners of the land might resort for compensation as soon as the amount of damages was ascertained, might supercede the necessity of actual payment, but the town could not take the land without at least making provision for ascertaining the value of the land taken.

Admitting that the company has the same authority to take the lands of private persons for the use of its road, that towns have to take the land of individuals for the use of highways, it is apparent that this case falls within the principles settled in the case of *Norton vs. Peck*, above referred to. For although in this case provision is made for the appraisal of the land taken, it is entirely at the option of the company whether commissioners shall be appointed for that purpose or not. The owner of the land has, under the act of the legislature, no power to do any act which would have the affect to compel the company to procure an appraisal of the land, or make payment therefor. He stands in the position of one whose property is taken from him without his consent, and who is without the power to compel payment. It was suggested by the counsel for the company, that he could apply to the circuit court, and procure a mandamus against the company to compel them to procure the appointment of commissioners to make the appraisal.

Admitting that the court has the power to issue a writ of mandamus to compel a private corporation to perform a duty enjoined upon it by law, we still think that the owner of property which is taken for public use, should not be compelled to resort to such a proceeding to obtain compensation.

The constitution provides that his property shall not be

taken for such use without compensation, and it would, in our opinion, be most grossly violated, by compelling him to resort to a law suit in order to recover the value of the property taken.

In one respect the condition of a person whose property is taken for the use of a railroad is quite different from that of one whose property is taken for the use of a public highway, and that is in regard to the fund from which compensation can be obtained. Although in theory, the property in both cases is taken by the public, yet in the former case the property of the corporation can alone be resorted to for the purpose of obtaining payment, while in the latter, all the taxable property in the town in which the highway is situated, may be liable.

This consideration certainly does not place the appellees in any better position in respect to the right to take private property for the use of their road, than that occupied by the town authorities in the case of Norton vs. Peck above referred to ; and as in that case we held it indispensable that compensation should be made for the property taken, without driving the owner to a suit at law to ascertain its value, or at least, that the town authorities should proceed to ascertain the value of the land taken, before appropriating it to the use of the public, so that the owners should be able to recover its value from the property of the town, we must in this case hold that the railroad company cannot enter upon the plaintiff's land, and apply it to the use of the road without making compensation, and without taking any measures to ascertain the damage which the plaintiff has sustained by their acts.

Several other provisions of the amended charter of the railroad company were discussed by counsel at the argument of the case; but as they are not involved in the question presented by this appeal, we shall express no opinion in regard to them, except the one which repeals those parts of the former charter of the company, which are repugnant to the provisions contained in the amendment. As the act amending the charter of the company, only repeals such parts of the former charter as are inconsistent with the provisions contained in the amend-

ment, and as those provisions, so far as they relate to the taking of the land of individuals for the use of the road, are repugnant to the constitution of the state, and therefore in-opperative ; it follows conclusively that the provisions contained in the former charter of the company, upon that subject, are unaffected by the repealing clause contained in the amendment. We are of opinion therefore that the company can proceed under their former charter, and appropriate the land of individuals to the use of their road, if the provisions upon that subject contained in the charter; are in other respects unobjectionable.

The order of the court below must be reversed, and the case remanded for further proceedings.