THE JOHN SPRY LUMBER COMPANY v. THE SAULT SAVINGS BANK LOAN & TRUST COMPANY ET AL.

*Constitutional law—Mechanics' lien law of 1887.*

The mechanics' lien law (Act No. 270, Laws of 1887) strikes at the foundation of property in land, and is unconstitutional, and all its parts must fall together, leaving the law of the State where it was before the passage of said act.

Error to Chippewa. (Grant, J., presiding.) Argued October 18, 1889. Decided October 25, 1889.

Proceedings under mechanics' lien law of 1887. Plaintiff brings error from judgment holding the law unconstitutional. Affirmed. The facts are stated in the opinion.

*Sutton & Martin* (*Shepard & Lyon*, of counsel), for appellant.

*John H. Goff* and *H. M. Oren* (*Hayden & Young*, of counsel), for defendants.

CAMPBELL, J. Plaintiff sued, counting expressly on the lien law (Act No. 270, Laws of 1887), claiming a lien on the banking-house of the principal defendant for lumber furnished the defendants Myers, and used in its construction.

The Savings Bank Loan & Trust Company made a written contract with the defendants Myers, June 27, 1887, to begin by July, 1887, and finish by November 1, for $27,000, the building in question, payable on monthly estimates, with the usual drawback of 20 per cent. to be held till completion. The court below held the lien law of 1887 to be unconstitutional, and gave judgment on the personal debt against defendants Myers, who do not appeal. Plaintiff appeals on account of the denial of the lien.

The law of 1887 repeals all previous laws on the subject, and only saves pending proceedings. But it is assumed, and correctly, to apply to all material furnished after the law took effect, whether under old or new contracts. It changes the old law chiefly in regard to the cases under which liens may be created, and does so in such a way that it must stand or fall together. The changes are all in one direction, and upon one theory. The machinery is merely secondary and incidental. The new law varies from the old law in these important particulars:

1. It allows a homestead to become bound to the persons claiming a lien, where a building contract is executed with the original contractor, signed by husband and wife.

2. It binds a married woman's land, where the articles or labor are furnished to a contractor or subcontractor of the husband with her knowledge or consent, express or implied, as if by her own express authority; and furnishing labor or materials "in an open and public manner" is made sufficient evidence of knowledge and consent.

3. The building contract made with any person, whether man or woman, has no effect on the lien, whether fully performed by the land-owner or not; and the laborer or furnisher may enforce his lien for any material or labor furnished under any contract, express or implied, written or unwritten, whether conforming to . the original contract or not.

In short, this law makes the mere fact that a building contract exists, or has existed, a sufficient reason for binding the land for any act or omission of the building contractor or his subcontractor, whether within the range of the contract or not, or whether or not in harmony with its terms. The law (sec. 2) says, in so many words:

"Such lien shall not be defeated by any contract, agreement, or understanding between the owner, part owner, or lessee of the real estate upon which such improvements are made, or for which such materials are furnished, and the original, or any subcontractor, by any payment made by such owner, part owner, or lessee to such contractor or subcontractor for the contract price of such labor or material [materials], or any part thereof, in case the person performing such labor or furnishing such material shall comply with the provisions of this act."

This statute is made for the express, and, so far as differing from former laws, for the only, purpose of enabling strangers to the title to subject it to sale for obligations to which the owner never became bound, and in which he has no part whatever. It strikes at the foundations of all property in land. There is no consti-

tutional way for divesting a man's title except by his own act or default. Here his own act is not required, and his freedom from default is no defense. He may pay in full, in advance or otherwise, for all he has contracted for. He may contract for a house built in a certain way, and of certain materials, and may have to pay for what he never bargained for, and what his building contractor had no right to put off upon him. The original contract plays no part in the matter, except as a fact which binds no one, and has no significance. Such a gross perversion of all the essential rights of property is so plain that no explanation can make it plainer. And, as this purpose forms the only apparent reason for repealing the old law, and passing the new one, the present statute, and all its parts, must fall together, leaving the law of the State where it was before the law of 1887 was passed. In *Hanes & Co. v. Wadey*, 73 Mich. 178 (41 N. W. Rep. 222), the validity of the law was not discussed, as it has not been in any other case hitherto.

The judgment must be affirmed, with costs.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CHAMPLIN, J., did not sit.