### DERK SNELL v. WILLIAM E. RACE.

*Constitutional law—Validity of personal judgment in proceedings under void lien law.*

In this case, the judgment, so far as it establishes a personal liability against the defendant, is affirmed, but is held void so far as it gives plaintiff a lien under the mechanics' lien law of 1887, which was held unconstitutional in *John Spry Lumber Co. v. Loan & Trust Co.*, 77 Mich. 199.

Error to Kent. (Judkins, J., presiding.) Argued October 24, 1889. Decided December 28, 1889.

Proceedings under mechanics' lien law of 1887. Defendant brings error. Reversed ·as to lien. Personal judgment affirmed. The facts are stated in the opinion.

*Nathan P. Allen,* for appellant.

*More & Wilson,* for plaintiff.

SHERWOOD, C. J. The plaintiff in this case was a con-tractor, and resided in the city of Grand Rapids.

On November 14, 1887, he entered into a written con-tract with the defendant to build him a house on his lot on Third avenue in said city, for $1,066.79. When plaintiff completed the house, he had not yet received all his pay for the job; and he filed a notice of lien on the premises July 30, 1888, claiming $250.84 as the amount due him, and served defendant with a copy of the notice, personally, on August 4, 1888. August 29, 1888, plaintiff filed in the register's office a sworn statement of account. Service of a copy of the statement of account could not be made on that day, as defendant was absent from the county, but service was obtained in the county the next day; and on September 22, 1888, and before commence-ment of suit, proof of service of the notice of lien and of the statement of account on the defendant were filed in the office of the register of deeds. On the same day this suit was commenced in the circuit court for the county of Kent to enforce the lien. The cause was tried before Judge Judkins and a jury January 15, 1889, and resulted in a verdict for $157 in favor of plaintiff, and giving him a lien therefore on the premises described in the notice of lien.

Defendant brings error, and asks to have that part of the judgment giving plaintiff a lien on the premises reversed. It will be noticed that he does not assail the correctness of the judgment for $157 in favor of plaintiff. There is no question that defendant is indebted to plaintiff to this amount for labor and materials used in his house; but it is claimed that the court erred—

1. In holding that the proceedings taken by plaintiff to establish the lien were regular.

2. In holding that the description of the property contained in the contract between the parties was sufficient under the statute requiring the contract to be in writing, and signed by the owner's wife, where improvements are made upon a homestead.

Defendant further claims that the court erred in excluding the evidence offered to show that the property in question was defendant's homestead.

The action in the case is brought under Act No. 270, Laws of 1887. This law, by a recent decision of this Court, has been declared unconstitutional.[1] The judgment is therefore void, so far as relates to the lien.

There is no question made as to the correctness of the account which passed into the judgment, as between these parties. The merits of the claim against the defendant have been adjudicated upon a common-law issue, and each party has had his day in court upon such issue, and there is no reason why that portion of the judgment should not stand; but it must be reversed as to the lien; and inasmuch as the point which is here made, and upon which the reversal of the proceedings, so far as they relate to the lien, is had, was not raised in the court below, nor in this Court until the hearing was had, we think no costs should be granted in this Court. The judgment, modified as herein indicated, will be affirmed.

The other Justices concurred.

---

[1] See *John Spry Lumber Co. v. Loan & Trust Co.*, 77 Mich. 199.