RODGERS v. KENT CIRCUIT JUDGE.

CONSTITUTIONAL LAW — PEDDLER'S LICENSE — DISCRIMINATION AGAINST NONRESIDENTS.

Act No. 248, Pub. Acts 1897, making it unlawful to peddle without a license in the several townships of the State, is unconstitutional, in that section 8 discriminates against nonresidents by permitting manufacturers, farmers, and mechanics "residing in this State" to sell their work or production, by sample or otherwise, without procuring the license provided for.[1]

*Mandamus* by Frank A. Rodgers, prosecuting attorney of Kent county, to compel Allen C. Adsit, circuit judge of said county, to vacate an order quashing a prosecution for peddling without a license, brought under Act No. 248, Pub. Acts 1897. Submitted November 17, 1897. Writ denied December 21, 1897.

*Rodgers, McDonald & Corwin*, for relator.

*Gerrit H. Albers* (*Taggart, Knappen & Denison*, of counsel), for respondent.

LONG, C. J. One Arthur Visser was convicted in justice's court of traveling, trading, and soliciting trade in the township of Grattan, Kent county, without first having obtained a license therefor. The prosecution was had under Act No. 248, Pub. Acts 1897. The defendant appealed to the circuit court, and there moved the court for his discharge, on the ground that the act was unconstitutional. That court so held, and the defendant was discharged. The relator here is the prosecuting attorney of that county, and asks the aid of the writ of *mandamus* to

---

[1] On the question of peddlers and drummers, as related to interstate commerce, there is a collection of authorities in a note to *Re Spain*, (C. C. E. D. N. C.) 14 L. R. A. 97.

compel the circuit court to set aside that order, and restore the case, and hold the defendant for trial.

The act is entitled "An act relative to granting, regulating, and licensing the business of pawnbroking, hawking, and peddling goods, wares, and merchandise in the several townships of this State." Section 1 of the act provides substantially that it shall not be lawful for any persons to engage in the business of hawking, peddling, or pawnbrokerage by going about from door to door, or from place to place, or from any stand, cart, vehicle, or in any other manner in the public streets, without first having obtained from the township board of the township where such business is to be carried on a license therefor. Section 2 fixes the amount of the license at from $5 to $30, according to the population of the township. Section 6 provides a penalty for violation of the act, of not more than $50, or by imprisonment in the county jail not exceeding three months, or both, in the discretion of the court. Section 8 provides:

"Nothing contained in this act shall prevent any person from selling any meat or fish in townships outside of any incorporated city or village, nor any nurseryman from selling his stock by sample or otherwise, nor any person, firm, or corporation engaged in the sale of farm machinery and implements, nor any manufacturer, farmer, or mechanic residing in this State from selling or offering for sale his work or production, by sample or otherwise, without license; nor shall any wholesale merchant, having a regular place of business, be prevented by anything herein contained from selling to dealers by sample, without license; but no merchant shall be allowed to peddle or to employ others to peddle goods not his own manufacture without the license provided for in this chapter."

While several questions are raised as to the constitutionality of the act, we deem it necessary to discuss but one, and that arises under section 8, above quoted. It is contended that the act discriminates against the citizens of other States. The title and body of the act are general, forbidding every one from peddling without a license;

but, by section 8, manufacturers, farmers, and mechanics residing in this State are permitted to sell their goods by sample or otherwise; so that such persons are, by section 8, expressly permitted to engage in the business of peddling, etc., without a license.   As to all persons not residing in this State, the general provisions remain; and they are forbidden to engage in the same business except as they procure and pay for the license provided for.   It is therefore evident that the license regulation is imposed upon nonresidents of the State, and is not imposed upon residents, all other circumstances being the same.   The discrimination against nonresidents is clear, and the case is controlled by *Welton* v. *Missouri*, 91 U. S. 275; *Walling* v. *Michigan*, 116 U. S. 454.

It cannot be said that the legislature would have passed this act if section 8 had been eliminated, and, in consequence, the whole act must fail.

The writ of *mandamus* must be denied.   No costs will be awarded.

The other Justices concurred.