Parker, J.
The action below was brought by the defendant in error, Jerome Gill, against the defendants in error Arthur Hull and Isabel M. Barber. Afterward Hull made a general assignment for the benefit of his creditors to Noah A. Whitney, who defended on behalf of the creditors of Hull, and who now on the same behalf prosecutes error in this court.
*649 The claim sued on was for work performed by Gill under a contract with Hull,, the principal contractor in repairing and reconstructing a certain building for Isabel M. Barber, the .owner thereof, and of the lot on which the same was situated. The amount of the claim as asserted in the petition, was $243.80 and interest, The petition alleges that Isabel M. Barber had in her hands an amount of money sufficient to satisfy this claim, which money was due from her to the principal contractor, Hull, under her contract, and the performance by Gill of all things required to perfect a lien against the premises as provided by the act to amend the Mechanics’ Lien Law passed April 13, 1894 (91 O. L.,135), or to perfect his right to have this fund applied to the payment of his claim, as provided by said law before the amendatory act of April 13, 1894 was passed.
An answer by Hull, which appears to have been adopted by his assignee and upon which the case was tried, presents an issue which is joined by reply, as to the amount due to Gill, admitting only $5.81 of the claim; but it does not controvert the facts as to the steps taken by Gill to perfect his lien on the premises or his right to the money in the hands of Isabel M. Barber and due to Hull under his contract. However, the question as to Gill’s right, either to enforce the alleged lien upon the premises, or to recover these funds in the hands of Isabel M. Barber, necessarily arose upon the hearing of the casé.
A jury was empaneled to determine the issues as to the amount due to Gill from Hull, and it returned a verdict in favor of the former and against the latter, for $211.81.
Afterward, as to all matters and issues not determined by the verdict of the jury, the case was, by agreement, submitted to the court upon an agreed statement of facts, and the court adjudged that these funds in the hands of Isabel M. Barber should be paid into court and applied to the payment: first, of the costs; second, to the discharge of *650 Gill’s claim; and,third, any balance to Whitney as assignee for Hull.
It is on account of this judgment that Whitney, as assignee, prosecutes error here.
The agreed statement of facts upon which the court found-for Gill and gave judgment in his favor, was incorporated into a Lili of exceptions, which is a part of the record submitted to us, and is in the words and figures following: (omitting the introductory clause):
“It is stipulated by and between the plaintiff, Jerome Gill, and the defendant, Noah A. Whitney, assignee, that the facts being upon the issues between them are as follows, to-wit:
“1. Arthur H. Hull entered into a contract with the defendant Isabel M. Barber, for the reconstruction of her building known as Nos. 217 and 219 Summit street, in the city of Toledo, Ohio.
“2. That the said Hull duly performed said contract, and that there was, on March 3d, 1896, and is now due and owing upon said contract from the said Isabel M. Barber the full sum of $213.80, which is retained in her hands awaiting the orders of the court as to who is entitled to receive the same.
“3. That the plaintiff, Jerome Gill, was employed as a sub-contractor by the said Arthur H. Hull to perform certain work and labor in connection with the said re-construction of the said building, and for which he has obtained judgment in this action against the said Hull in the sum of$ — -— and costs herein, taxed at $ — ■—■.
“1. That on the 3d day of March, 1896, after the entering into said contract between said Gill and said Hull and the performance of the said labor, the plaintiff filed with the recorder of Lucas county, Ohio, an affidavit containing an itemized statement of his account and the value of the same with all credits thereon, together with a statement of the contract under which the same was performed, and the time when the same was performed, when the amount thereof should have been paid, and a description of the premises upon which the buildings were situated, which affidavit was *651 recorded in the Record of Liens of said county, A ful] and" true copy of said affidavit,certified as such, was on the 3d day of March, 1896, delivered personally to the said Isabel M. Barber,and all formal steps required by the mechanics’ lien-laws pertaining to sub-contractors prior to the amendments-of April 13th, 1894, were duly performed by said Gill in connection with his said claim.
“5-. The defendant Noah A. Whitney, assignee, was, on the 4th day of December, 1896, duly appointed and' qualified by the probate court of Lucas county, Ohio, assignee for the benefit of the creditors of Arthur H. Hull, and among the assets assigned to him by the said Arthur H. 'Hull is the right to receive from the said Isabel M. Barber any interest said Hull may have in the proceeds of' the contract between the said Hull and the said Isabel M. Barber. ”
Now, this action was begun before the case of Palmer & Crawford v. Tingle, and Young v. The Lion Hardware Company, 55 Ohio St., 423, had been decided by the supreme court. After the decision in those cases that the act of April 13, 1894 (91 O. L., 135), in so far as it gives a lien on the property of the owner to sub-contractors and' laborers and certain others, is unconstitutional and void, Gill’s claim of a lien upon the property could not be maintained; but it is insisted on his behalf that his right to look to the fund as provided by the mechanic’s lien law before-the amendatory statute was passed, is restored to him, or, more accurately, has never been taken away or suspended; that the attempt to amend and provide a substitute having-failed, and it being apparent that the legislature would not have repealed the statute giving laborers and material men aright to pursue and secure funds of the head contractor in-the hands of the owner, except in the carrying out and as a part of their purpose to provide a substitute therefor, the-part of the act which provides for the repeal of the old law falls with the rest; that all parts are alike abortive and:nugatory.
*652 This is the real question here, in so far as the mechanics’ lien law is involved. In support of this contention we are ■cited to a great many decisions of courts of last resort in other states and to some text — books, and these authorities amply support the proposition that where an act repealing another act and providing a substitute therefor is itself invalid, the repealing clause must also be held inoperative, ■unless it shall appear that the legislature would have passed •the repealing clause even if it had not provided a substitute for the act repealed.
The following are some of the authorities cited upon this point:
Sutherland on Statutory Interpretation, secs. 175-176; State ex rel. v. Smith, 48 Ohio St., 211; Times v. State, 29 Ala., 165; State v. LaCross, 11 Wis., 51; Stevenson v. Ry. Co., 6 Wis., 605; Child v. Shemar, 18 Ia., 261; People v Triphain (N Y.), 3 Parker, 241; Endlich on Interpretation of Statutes, sec. 192; State v. Blend, 121 Ind., 514; Devoy v. Mayor, 36 N. Y., 449, 457; State v. Halleck, 14 Nev., 202; State v. Commissioners, 38 N. J. L., 320-322.
Also the opinion of Judge Hollister, of Hamilton county, Ohio, Common Pleas Court, in the case of Gorman, assignee v. Bepler et al., reported in 4 Ohio Nisi Prius Reports,241, where the precise question was under consideration by that ’learned judge, who resolved it in favor of the proposition That the repealing provisions failed with the other pro-visions of the act. In this opinion other authorities are cited as supporting this conclusion.
Another case which we have examined is that of The Sprey Lumber Company v. The Sault St. Marie Savings Bank, 77 Mich., 199. In that case the statute under consideration was almost identical in its main features with the ^statute which we are here considering, and it was held that, "the principal provisions of the statute failing, because of ’their unconstitutionality, resulted in the repealing clause *653 -also failing, so that the old statute remained in force.
On behalf of plaintiff in error it is conceded that the general proposition above stated is established by the authorities, but it is contended that it is inapplicable here, because it is said that besides providing different liabilities for the owner, and different remedies for the material man and laborer who served or furnished to a head contractor and not to the owner, this act of April 13th, 1891, substantially alters the old law in other respects, and that the ■features which are held to be unconstitutional and void by ' the supreme court are not the main features of the act. 'That the parts and provisions held unconstitutional are independent of and separable from these other important provisions which are not obnoxious to the constitution, and :that, therefore, such other provisions may be and are in all respects valid and in full force.
If these premises are correct, then there would seem to be an unsuperable difficulty in the way of giving effect to ‘the doctrine above set forth as to the repealing provision. Because of the provision of- sec. .16, art. 2, of the constitution of Ohio that “No law shall be revived, or amended, unless the new act contain the entire act revived, or the •section or sections amended; and the section or sections, so ■amended, shall be repealed’’, it is not possible to give a ’partial or qualified effect to this doctrine, whereby a part of •a section or sections repealed may be regarded as in force, and a part of the same section or sections, as amended,may -also be regarded as in force. .In other words, parts of a given section as amended may not be eliminated because un•eonstitutional and the remainder allowed to stand,and at the same time provisions in the same section before its amend•ment and not in the amended section be given effect. Either •the amended section,and that alone, or the unamended section and that alone must stand. And it is said that because this is so, and because there are important new provisions *654 in the amended section that need not necessarily fail because of certain abortive provisions therein, we are not authorized to hold the whole invalid, and therefore cannot give effect to a doctrine that would recognize the old law asín force. What cannot be done by express legislative action may not be accomplished by judicial construction-
But after a careful examination of the statutes on the subject of mechanics’ liens, we do not discover any material or important changes made by the act of April 13, 1894, except in the provisions and features held to be invalid. By the addition of the words “contractor or sub-contractor” in sec. 3184, the omission of the word “owner” from secs. 3194 and 3195, the dropping out of secs, 3196, 3198-, 3199, 3201, 3202, 3203 and 3204, and certain other slight changes of phraseology, and sections supplemental to sec. 3185, the law was made to provide that a lien might be taken by a laborer, material man, or sub-contractor upon the structure or premises, though the material or labor might have been furnished to a contractor and not to the owner, and the owner might have paid the person with whom he contracted in full,-in good faith, and without any knowledge of the claims of such material men or laborers — whereas, before the amendment of April 13th, 1894, such material men could only proceed by a method similar in effect to the process of garnishment to reach the funds of the contractor in the bands of the owner; and by the amendment and repeal) the privilege is taken away from them.
I repeat, we have been unable to discover any other substantial change in the law accomplished by the amendment, and after careful consideration of the matter, we adopt the view of the court below, holding that the law as it stood before was not affected by the act of April 13, 1894, and that the court did not err in holding that Gill had perfected his; right to have this fund applied upon his claim.
When we come to consider the long-established policy of *655 the legislature with respect to the claims of laborers and material men, evidenced by the mechanics’ lien law and ■other statutes, we cannot bring ourselves to think that the legislature would have contemplated depriving the material men and laborers employed by contractors of all right or opportunity to secure and obtain satisfaction of their claims; a result which must follow if neither the new nor the old law as to such persons is in force.
• We also find ground for affirming this judgment in sec. ■6355,of the Revised Statutes. This has not been discussed to us by counsel; but after a careful consideration of the terms of this section, we think it applies to the case in hand. This is a part of the statute on the subject of insolvent debtors:
“All taxes of every description assessed against the assignor upon any personal property held by him before his assignment, shall be paid by the assignee or trustee out of the proceeds of the property assigned in preference to any other claims against the assignor; and every person who shall have performed any labor asan operative in the service of the assignor, shall be entitled to receive out of the trust funds, before the payment of the other creditors, the full amount of the wages due to such person for such labor performed within twelve months preceding the assignment, not ■exceeding three hundred dollars.’'’
By the agreed statement of facts it apears to us that this claim is for labor — labor, as we find it, performed by an ■operative in the service of this creditor. It was performed within twelve months of the time the claim was ascertained, and at the time the assignment was made. The asssignee was appointed December 4,1896, and all of the work appears to have been performed after December 26, 1895, and the claim does not exceed $300 — it was $243.80. The assignee does not bring forward or assert any other labor claims that would have a right to participate in the distribution of this fund, nor does any one else seek to intervene in such claim, •and therefore, we conclude that the court was right and *656 correct under this secction of the statute in awarding-sufficient of this fund to the defendant in error, Gill, to satisfy his claim, and the judgment of the court below will therefore be affirmed.
Hurd, Brumback & Thatcher, for Plaintiff in Error.
W. H. A. Read, for Defendants in Error.