### PEOPLE *v.* DE BLAAY.

1. STATUTES—AMENDMENT—TITLES—LOCAL ACTS.
A general statute of local application cannot be extended in its operation to the whole State by an act having a title merely indicating a purpose to amend the local statute.

2. SAME—REPEALING CLAUSE—INVALIDITY.
Where an act attempting to extend a law of local application to the whole State is ineffectual because of a defect in its title, the provisions therein repealing the existing general statute on the same subject are likewise ineffectual, and the general statute stands unrepealed.

3. HAWKERS AND PEDDLERS—STATUTES—INVALIDITY—REPEAL.
Act No. 137 of the Public Acts of 1895, attempting to extend to the whole State Act No. 204 of the Public Acts of 1889, regulating hawkers and peddlers in the Upper Peninsula, is invalid for failure of its title to express its purpose, and the attempted repeal therein of the general statute on the same subject (1 How. Stat. §§ 1256–1266, 2 Comp. Laws, chap. 136), is ineffectual.

4. STATUTES—AMENDMENT—CONSTITUTIONAL LAW.

> Though as a general rule an unconstitutional law cannot be made valid by amendment, such a law may be re-enacted after the unconstitutional features have been eliminated, and the fact that the Constitution requires that laws amended be re-enacted and published at length presents no obstacle to that course.

5. HAWKERS AND PEDDLERS—CLASS LEGISLATION.

> Chapter 136, 2 Comp. Laws, prohibiting peddling without license, but making an exception in section 22 in favor of wholesale merchants selling by sample, and manufacturers, farmers, mechanics, and nurserymen selling their own product, is not class legislation.

Exceptions before judgment from Kent; Perkins, J. Submitted April 21, 1904. (Docket No. 188.) Decided July 27, 1904.

John De Blaay was convicted of hawking and peddling without a license. Affirmed.

*Smedley & Corwin,* for appellant.

*William B. Brown,* Prosecuting Attorney, and *Carl E. Mapes,* Assistant Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of the offense of hawking and peddling without a license, the charge being based upon chapter 136, 2 Comp. Laws.

Two major contentions are made by respondent's counsel in this court: *First,* that the statute under which the prosecution was had has been repealed; and, *second,* that, if not repealed, it is unconstitutional. Obviously, if the first contention is sustained, the second is unimportant. We therefore direct our first attention to this point.

Act No. 204, Pub. Acts 1889, was an act which, under a title restricting its operation to the Upper Peninsula, made provision for licenses to peddlers in that territory. By Act No. 137, Pub. Acts 1895, under a title which indicated a purpose to amend Act 204, Pub. Acts 1889, re-

ferring thereto by its title, and also to repeal sections 1257–1266, 1 How. Stat., the sections under which this prosecution is had, the legislature undertook to make the Upper Peninsula law applicable to the whole State, and to repeal the general provisions then in force for the whole State. The statute of 1895 was clearly unconstitutional in so far as it attempted to extend legislation to the entire State of a statute limited to the Upper Peninsula, with no notice of such purpose expressed in its title. Indeed, counsel for respondent do not contend that this provision of the statute is valid, but insist that, even though this be held invalid, the section repealing the general law is nevertheless valid. It is worthy of consideration as to whether the title to the act of 1895 is not double, within the meaning of the constitutional provision that no law shall embrace more than one object, which shall be expressed in its title; but as this view is not contended for, and as a like result may be reached on settled principles, we do not determine the question. Whether the legislative intent was to repeal the general law in any event, and independently of enacting another to take its place, is the question here presented. We think it clear that there was no purpose to wholly abrogate all law relating to licensing peddlers in the Lower Peninsula. On the contrary, the very purpose of the act of 1895 was to cover this subject. The repeal was incidental to the affirmative enactment. When the enactment of the first section proved futile, the second section fell with it. The case cannot be distinguished from *John Spry Lumber Co.* v. *Trust Co.*, 77 Mich. 199 (43 N. W. 778, 6 L. R. A. 204, 18 Am. St. Rep. 396), to which attention was directed at the argument.

Having determined that chapter 136, 2 Comp. Laws, has not been repealed, it remains to consider whether it is, as claimed, unconstitutional. Its constitutionality is assailed on two grounds: *First*, that the statute, as it now reads, was never duly enacted under a proper title; and, *second*, that the statute is class legislation. The precise point under the first head is this: The general law

relating to hawkers and peddlers (chapter 21, Rev. Stat. 1846) contained in section 22 a clause discriminating in favor of residents of the State similar to the clause contained in section 8 of Act No. 248, Pub. Acts 1897, which was held in *Rogers* v. *Kent Circuit Judge*, 115 Mich. 441 (73 N. W. 381), to be unconstitutional. The present chapter 136, 2 Comp. Laws, has been evolved by amendments to the Revised Statutes of 1846, and it is said that an unconstitutional statute cannot be made valid by amendment. It is not to be denied that there are cases cited by defendant's counsel which sustain his contention. We think, however, that the legislature has in this matter kept well within the provisions of our own Constitution. Section 25, art. 4, provides:

"No law shall be revised, altered, or amended by reference to its title only; but the act revised and the section or sections of the act altered or amended shall be re-enacted and published at length."

It is not denied that in the amendment to the original act the provisions of this section of the Constitution were observed. This section was intended as a guide to the legislature, and we can discover in it no obstacle to an elimination from the original act of such provisions as rendered the act unconstitutional. The new act becomes then the act of the legislature following the prescribed course for its enactment. This view is sustained by *State* v. *City of Cincinnati*, 52 Ohio St. 419 (40 N. E. 508, 27 L. R. A. 737); *Ferry* v. *Campbell*, 110 Iowa, 290 (81 N. W. 604, 50 L. R. A. 92); *Sweet* v. *City of Syracuse*, 129 N. Y. 337 (27 N. E. 1081, 29 N. E. 289); *Allison* v. *Corker*, 67 N. J. Law, 596 (52 Atl. 362, 60 L. R. A. 564).

The only question left for consideration is whether section 22 of the act as it now stands constitutes this legislation class legislation. This section reads as follows:

"Nothing contained in this chapter shall be construed to prevent any manufacturer, farmer, mechanic, or nurseryman from selling his work or production by sample or otherwise without license, nor shall any wholesale mer-

chant be prevented by anything herein contained from selling to dealers by sample without license, but no merchant shall be allowed to peddle or to employ others to peddle goods not his own manufacture without license in this chapter provided." 2 Comp. Laws, § 5330.

We do not think this can be called class legislation in such sense as to deny to such citizen an equal protection under the law. Under this provision all persons in the same class are treated alike under like circumstances and conditions. Similar provisions have been sustained by this court. *People* v. *Sawyer*, 106 Mich. 428 (64 N. W. 333). See, also, *Rosenbloom* v. *State*, 64 Neb. 342 (89 N. W. 1053, 57 L. R. A. 922); *State* v. *Stevenson*, 109 N. C. 730 (14 S. E. 385, 26 Am. St. Rep. 595).

The conviction is affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., did not sit.