M. &. S. BUILDERS *v.* CITY OF DEARBORN.

1. MUNICIPAL CORPORATIONS—AMENDMENT TO ZONING ORDINANCE—MULTIPLE RESIDENCE USE.

Presumption of validity of amendment of zoning ordinance restricting use of plaintiff's portion of a small triangular-shaped parcel to use for single residences, whereas it was theretofore in a zone permitting multiple dwellings, was rebutted by showing that on 3 sides plaintiff's property is surrounded by multiple-dwelling zone and only across street on 1 side is there property recently upgraded to a single-residence zone, since the use of surrounding property devoted to or zoned for other uses rendered the zoning ordinance unreasonable and arbitrary and such as to bear no substantial relationship to public health, safety, morals or the general welfare.

2. SAME—AMENDMENT TO ZONING ORDINANCE—MULTIPLE RESIDENCE USE.

Plaintiff's property, zoned so as to permit multiple dwellings to be placed thereon, continued to be subject to such restriction, where amendment of zoning ordinance upgrading the use to single residences, although invalid as to plaintiff's property, did not appear to intend to leave such property unzoned in the event the ordinance were invalid.

3. MANDAMUS—BUILDING PERMIT—AREA REQUIREMENTS.

Order granting writ of mandamus to compel defendant city to issue multiple-dwelling building permits to conform to zoning ordinance as to plaintiff's property as it stood prior to an upgrading amendment is affirmed, where the applicable area requirements are to be met.

Appeal from Wayne; Brennan (John V.), J. Submitted September 15, 1955. (Calendar No. 46,405.) Decided December 1, 1955.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  58 Am Jur, Zoning § 169 *et seq.*
[3]  See, generally, 34 Am Jur, Mandamus § 188; 58 Am Jur, Zoning § 235.

Petition for writ of mandamus by M. & S. Builders, a Michigan corporation, to compel the City of Dearborn and certain of its officials to issue building permit. Writ granted. Defendants appeal. Affirmed.

*Belding & Belding,* for plaintiff.

*Dale H. Fillmore,* Corporation Counsel, *B. Ward Smith,* Deputy Corporation Counsel, and *James A. Broderick,* Assistant Corporation Counsel, for defendants.

Dethmers, J. Defendants appeal from an order for writ of mandamus directing them to issue a building permit to plaintiff. Plaintiff's property is part of a small, triangular parcel which had been zoned residence D permitting multiple dwellings. On February 8, 1954, plaintiff obtained approval of the city plan commission for erection of a duplex and a 4-family residence on the property, followed by an OK from the zoning board of appeals for duplexes on the property. On June 8, 1954, the zoning ordinance was amended, changing the classification of the portion of the triangular parcel containing plaintiff's premises from residence D to residence A, limited to use for single-family residences. On June 23, 1954, plaintiff applied for a building permit for the erection on the premises of a 3-family and a 4-family dwelling. The permit was denied on the ground that the premises were now zoned residence A.

The trial court found as a fact that the small, triangular parcel, including plaintiff's premises, now zoned residence A, is surrounded on 3 sides by zone D property. Only across the street to the south is there residence A land, recently upgraded by ordinance amendment from residence B. Immediately

across the first street to the north, about 200 feet from plaintiff's premises, is a business B zone, containing a gasoline station, cleaning establishment, supermarket, and other business places, while on the south side of that street, nearer to plaintiff's premises, is a site approved for a doctor's clinic. To the east of plaintiff's property is a players' guild building and the property across the street to the west is devoted exclusively to a multiple-dwelling development. Under such factual showing the presumption of validity is rebutted. The trial court held that restriction of the small parcel in question to use for single-family residences, when it is so closely surrounded by properties devoted to or zoned for other uses, as above indicated, is unreasonable and arbitrary and that it bears no substantial relationship to public health, safety, morals or the general welfare. In this we think the court correct. *City of Pleasant Ridge* v. *Cooper,* 267 Mich 603; *Pringle* v. *Shevnock,* 309 Mich 179.

Defendants urge that, even though the amendment, insofar as it places plaintiff's property in a residence A zone, be invalid, the writ ought not to issue because plaintiff's application was for a permit to build one 3-family and one 4-family dwelling on premises containing an area less than the residence D provisions of the ordinance required for such units prior to the amendment as well as after. Plaintiff counters that the amendment expressly repealed the residence D provisions insofar as they applied to plaintiff's property and that they cannot be revived and again be made applicable thereto by a holding that the amendment is invalid. We think that it was not the intent, in adopting the amendment, that plaintiff's premises should be left free from all zoning provisions in the event the residence A classification of the amendment were invalid as applied thereto. Accordingly, under our previous holdings, the repeal

falls with the rest of the amendment, insofar as plaintiff's property is concerned, and the residence D provisions theretofore in effect apply. *Campau* v. *City of Detroit,* 14 Mich 276; *John Spry Lumber Co.* v. *Sault Savings Bank Loan & Trust Co.,* 77 Mich 199 (6 LRA 204, 18 Am St Rep 396); *People* v. *De Blaay,* 137 Mich 402 (4 Ann Cas 919). Plaintiff also stresses testimony of 1 of defendants that joining the 2 residences for which permits were sought would result in compliance with the area requirements and plaintiff indicates in its brief the intention of so doing. It was evidently with such view of the law and facts in mind that the court caused its order for the writ and the writ itself to provide for issuance of a permit to erect a building or buildings in accordance with the ordinances of defendant city.

In view of the fact that the permit denial was not based on failure to comply with area requirements but only on the residence A classification in the amendment, and that joining the 2 dwellings will result in compliance with applicable residence D area requirements, and, finally, that the order appealed from contemplates and provides for such compliance, it is affirmed, with costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.