PEOPLE v O'BRIEN

Docket No. 52012. Submitted January 15, 1981, at Lansing.—Decided April 16, 1981.

Timothy F. O'Brien was arrested in connection with his participation in the purchase of cocaine by an undercover police officer and charged in Oakland Circuit Court with delivery of a controlled substance. Defendant filed a motion to quash the information, alleging that the statutory provisions under which he was charged violated the title-object clause of the Michigan Constitution. A special panel of four Oakland Circuit Court judges, after hearing this motion and several similar ones, held that Article 7 of the Public Health Code was unconstitutional and granted defendant's motion. The people appeal. *Held:*

Reversed and remanded for trial on the basis of the decision rendered in *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980).

C. J. HOEHN, J., dissented. He would hold that the addition of Article 7, which pertains to controlled substances, to the Public Health Code is unconstitutional because the title-object clause of the Michigan Constitution is violated in that 1) the code embraces more than one object, and 2) the object of Article 7, controlled substances, is not expressed in the code's title. Further, because the addition of Article 7 to the code is unconstitutional, the intended repeal of the former controlled substances statute is ineffective and the former statute is, therefore, still in force and effect. He would affirm the decision of the trial court.

OPINION OF THE COURT

1. HEALTH — PUBLIC HEALTH CODE — CRIMINAL LAW — CONTROLLED SUBSTANCES — CONSTITUTIONAL LAW — STATUTES.

Reference in the title of the Public Health Code to the protection and promotion of public health as the purpose of the code

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 7-9, 16, 17.
[2-4] 73 Am Jur 2d, Statutes §§ 100-110.
[5] 73 Am Jur 2d, Statutes §§ 382, 383.

necessarily includes proscriptions and penalties on the use of controlled substances; therefore, a section of the code which provides such proscriptions and penalties does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24, MCL 333.7401; MSA 14.15[7401]).

DISSENT BY C. J. HOEHN, J.

2. STATUTES — CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE.

The purpose of the title-object clause of the Michigan Constitution is to assure fair notice to legislators and to the public of a statute's contents (Const 1963, art 4, § 24).

3. STATUTES — CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE.

The term "object" as used in the constitutional provision that no law shall embrace more than one object was not meant to have unlimited breadth; an exceedingly broad "object" could include several concepts that are wholly foreign and incongruous (Const 1963, art 4, § 24).

4. HEALTH — PUBLIC HEALTH CODE — CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE — STATUTES.

The inclusion of Article 7, Controlled Substances, in the Public Health Code violates the title-object clause of the Michigan Constitution in that (1) the law embraces more than one object and (2) the object of Article 7 is not expressed in the title (Const 1963, art 4, § 24, MCL 333.7101-333.7545; MSA 14.15[7101]-14.15[7545]).

5. STATUTES — REPEAL — CONSTITUTIONAL LAW.

A statute which, by specific, inseparable provisions, purports to repeal prior legislation and which is determined to be unconstitutional is ineffective and the repeal cannot be accomplished where a hiatus in the law would result due to the impossibility of substituting the unconstitutional provisions for the legislation intended to be repealed; in such a case, the prior legislation remains in full force and effect.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lawrence J. Bunting,* Assistant Prosecuting Attorney, for the people.

*Donald A. Brown,* for defendant.

Before: Beasley, P.J., and R. B. Burns and C. J.
Hoehn,* JJ.

Per Curiam. Defendant was arrested in connection with his participation in the purchase of
cocaine by an undercover police officer and was
charged with delivery of a controlled substance.
MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1),
(2)(a)(iv), and MCL 333.7214(a)(iv); MSA
14.15(7214)(a)(iv). Defendant filed a motion to
quash the information, alleging that the statutory
provisions under which he was charged violated
the title-object clause of the Michigan Constitution. Const 1963, art 4, § 24. This motion, together
with similar motions presented in six unrelated
cases, was heard by a special panel of four Oakland County Circuit Court judges. The panel held
that Article 7 of the Public Health Code, MCL
333.7101-333.7545; MSA 14.15(7101)-14.15(7545),
was unconstitutional, and it granted defendants'
motions. From an appeal by the prosecution, we
reverse and remand for trial. *People v Trupiano,*
97 Mich App 416; 296 NW2d 49 (1980).

C. J. Hoehn, J. *(dissenting).* I must respectfully
dissent from the majority opinion.

The factual statement of the majority opinion is
accepted.

The Legislature included criminal sanctions for
the possession of controlled substances under the
following title:

"An ACT to protect and promote the public health; to
codify, revise, consolidate, classify, and add to the laws
relating to public health; to provide for the prevention
and control of diseases and disabilities; to provide for
the classification, administration, regulation, financing,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and maintenance of personal, environmental, and other health services and activities; to create or continue, and prescribe the powers and duties of, departments, boards, commissions, councils, committees, task forces, and other agencies; to prescribe the powers and duties of governmental entities and officials; to regulate occupations, facilities, and agencies affecting the public health; to promote the efficient and economical delivery of health care sevices, to provide the appropriate utilization of health care facilities and services, and to provide for the closure of hospitals or consolidation of hospitals or services; to provide for the collection and use of data and information; to provide for the transfer of property; to provide certain immunity from liability; to provide for penalties and remedies; and to repeal certain acts and parts of acts." 1978 PA 368; MCL 333.7401; MSA 14.15(7401).

The trial court found that the inclusion of controlled substances and the imposition of criminal sanctions in an act relating to public health violated the title-object clause of the constitution.

"No law shall embrace more than one object, which shall be expressed in its title." Const 1963, art 4, § 24.

The purpose of the title-object clause is to assure fair notice to legislators and to the public of a statute's contents.

"The term 'object' * * * was not meant to have unlimited breadth, for an exceedingly broad 'object' could likely include several concepts that are wholly foreign and incongruous." *Advisory Opinion on Constitutionality of 1975 PA 227,* 396 Mich 123, 132; 240 NW2d 193 (1976).

The use of a generic term such as public health would permit the inclusion of any concept that the author wished to include from maraschino cherries

to safe exits from buildings and the exhaust from automobiles.

The health code has 75 chapters dealing with crippled children, nursing homes, hospitals, homes for the aged, licensing of doctors and chiropractors, etc. The inclusion of substance control and the imposition of sanctions with the other several chapters of the health code is incongruous.

Reference to the title of the health code fails to reveal any mention of substance abuse. Neither does the title mention criminal penalties.

The Public Health Code violates the title-object clause of the constitution in that:

1) the law embraces more than one object;

2) the object is not expressed in its title.

*People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980), is wrongly decided.

Having found Article 7, Controlled Substances, to be unconstitutional, the question arises as to the extent to which MCL 333.25101; MSA 14.15(25101), which specifically repeals the former act, 1971 PA 196, is operative. This Court can do no better than to adopt the opinion of the learned trial judge who determined the unconstitutionality of the act. The following is a verbatim quote from that opinion:

"The general rule is set forth in [Anno: *Unconstitutionality of later statute as affecting provision purporting specifically to repeal earlier statute,* 102 ALR 802, 803.]:

" 'Ordinarily, where one statute specifically repeals another and attempts, unconstitutionally, to provide a substitute, the provision of repeal will fall with the act of which it is a part. The question in every case is whether the legislature intended that the repeal should

take effect in any event; that is, whether the repeal provision is severable.'

"Sutherland on Statutory Construction (4th ed) concurs with this principle in § 23.24:

" 'Likewise, an unconstitutional statute which purports to repeal a prior statute by specific provision is ineffective to do so where, under standard rules governing separability a hiatus in the law would result from the impossibility of substituting the invalid affirmative provisions for the legislation that was to be repealed.'

"Upon careful consideration, this Court concludes that the Legislature would not have repealed 1971 PA 196 as amended, without providing for a suitable replacement. The repealer is essentially and inseparably connected in substance with Article VII and cannot be severed from it. Further, it is clear that the Legislature did not intend the state to be without any law proscribing abuse of controlled substances. It follows then, that the repealer is ineffective and must fall along with Article VII and the provisions of 1971 PA 196 as amended will continue in force and effect. The result is in accord with that reached in *M & S Building v Dearborn*, 344 Mich 17 [73 NW2d 283] (1955), *John Spry Lumber Co v Sault Savings Bank*, 77 Mich 199 [43 NW 778] (1889), *People v DeBlaay*, 137 Mich 402 [100 NW 598] (1904), OAG 1093 (1949-50). *Cf., Campau v City of Detroit*, 14 Mich 276 (1866). [Implied repeal.]

"To reach any other result would leave the state without any controlled substance law, a situation certainly not intended by the Legislature.

## CONCLUSION

"To the public, the law should be common sense. Too often it is not. By no stretch of the imagination does the title in question fairly index the Act. Nor does it fairly apprise the Legislature or the public that the body of the Act regulates controlled substances and imposes severe criminal sanctions.

" 'This Court is mindful of the worthy purpose and high motivation of the Legislature and the proponents of the subject Act. It is also mindful of the basic

dictates of the Constitution of this state. Our test cannot be one of policy but one of constitutionality. On that test, the Act must fall.' *Advisory Opinion 1975 PA 227,* 396 Mich 123, [1]33 [240 NW2d 193 (1976)]."

The opinion of the trial court should be affirmed.