THE PEOPLE OF THE CITY OF COLDWATER v. JAY D. RUSSELL.

*Peddlers' licenses—Patent rights and police regulations.*

State legislation interfering with the rights conferred by letters patent, under United States law is void as an invasion of National authority. But a municipal ordinance requiring peddlers to obtain a license is no such interference. even though the peddler be the manufacturer and patentee of the articles sold. Such an ordinance is merely such a police regulation as may be adopted under the general police authority of the State.

No ordinary exercise of congressional authority can take from a State any portion of its general police power. The Acts of Congress. assume the existence of State regulations.

The patent laws confer exclusive rights, but do not determine personal capacity to contract or prescribe the requisites for sales of patented articles or impose the customary restrictions which are supposed to be important to the protection of public morals. These matters are left to State law.

Where a city charter gives power to license and regulate peddlers, but. not to tax them, a municipal ordinance requiring them to pay a. license fee of fifteen dollars a year cannot be held invalid as requiring a fee that is clearly excessive.

Error to Branch.    Submitted Jan. 5.    Decided Jan. 10..

COMPLAINT for violation of city ordinance.    Respondent brings error.    Affirmed.

*L. T. N. Wilson* for appellant.

City Attorney *Henry H. Barlow* for appellee.    States can license peddling within their jurisdiction : *Brown v. Maryland* 12 Wheat. 443 ; *Nathan v. Louisiana* 8 How. 73 ; *Walcott v. People* 17 Mich. 68 ; *Kitson v. Ann Arbor* 26 Mich. 331 ; *Jordan v. Dayton Overseers* 4 Ohio 294 ; *Osborne v. Mobile* 16 Wal. 479 ; *Patterson v. Kentucky* 97 U. S. 501 ; Cooley Const. Lim. 574 ; municipal corporations may be authorized to pass ordinances licensing ped-

dlers: 2 Dill. Mun. Corp. §§ 744, 768; the exercise of the power does not interfere with rights under the patent law: *Burlington v. Bumgardner* 42 Ia. 673; *Hollida v. Hunt* 70 Ill. 109.

COOLEY, J.    An ordinance of the city of Coldwater provides, among other things, that " no person shall hawk or peddle any meat, goods, wares or merchandise from door to door within the limits of the city of Coldwater without a license from the mayor." For the license, when not for the sale of meat, fifteen dollars is required to be paid for one year, or three dollars for one day.

The defendant has been convicted under this ordinance, on evidence that without license he traveled from door to door in said city and sold a clothes-wringer. The clothes-wringers were manufactured by the defendant at Sturgis, in this State, under letters patent of the United States issued to him and one Shepardson as patentees.

I. It is objected to the ordinance that if applied to the sale of patented articles it is an interference with the power of Congress to grant exclusive rights to patentees to make and sell their inventions, and an encroachment upon the rights which the patent assures to the patentees. We agree that if this is the case the ordinance can have no such application. The power of Congress to grant the exclusive right to make and sell the articles which from their originality and value have been found deserving is exclusive, and any State legislation which undertakes to limit or restrict in any manner the privileges which the letters patent confers is an invasion of the sphere of national authority, and therefore void. This was shown in *Cranson v. Smith* 37 Mich. 309, and what is said there need not be repeated.

But the ordinance in question does not assume to interfere with or in any way to abridge the exclusive rights which the patentee may lay claim to under his patent. The ordinance is a police regulation, made under the general police authority of the State, and taking no notice of

this or any other patent, or of the way in which any sala-ble commodity may have come into existence. It is one of the customary regulations for a business.

It is well settled now, if it was ever doubted, that any ordinary exercise of congressional authority does not take from the State any portion of its general power of police. *Pervear v. Commonwealth* 5 Wall. 475. The acts of Congress assume the existence of State regulations, and in many respects would prove inoperative and confusing if it were otherwise. The patent laws are as forcible for illustration as any other ; they give exclusive rights, but they do not determine personal capacity to contract, or prescribe the requisites for sales of patented articles, or impose the customary restrictions which are supposed to be important to the protection of public morals. All these matters are left to the State law. A patentee must observe the Sunday law as much as any other vendor ; he must put his contracts in writing under the same circumstances which require writings of others, and he must obey all other regulations of police which are made for general observance. *Patterson v. Kentucky* 97 U. S. 501. Invidious regulations, applicable to patentees exclusively, might be void, but there is no question of that nature here. We have no doubt that it was competent for the State to confer upon the city the power to pass such an ordinance.

That the regulation of hawkers and peddlers is important if not absolutely essential may be taken as established by the concurring practice of civilized states. They are a class of persons who travel from place to place among strangers, and the business may easily be made a pretense or a convenience to those whose real purpose is theft or fraud. The requirement of a license gives opportunity for inquiry into antecedents and character, and the payment of a fee affords some evidence that the business is not a mere pretense.

II. It is urged, however, that the fee demanded in this case is unreasonable if regulation alone was in view, and is in the nature of a tax. The city charter gives power to

"license and regulate" peddlers, but not to tax them. But we do not think the fee is clearly excessive, and cannot therefore hold the ordinance invalid on that ground. *Ash. v. People* 11 Mich. 347; *Kitson v. Mayor etc.* 26 Mich. 325; *Van Baalen v. People* 40 Mich. 258.

The conviction must be affirmed.

The other Justices concurred.