CITY OF SAGINAW *v.* SAGINAW CIRCUIT JUDGE.

1. License Fees—Taxation—Police Power.
   Where a business is subjected to the payment of a fee, it must be with a view to taxation, or to cover the expense of regulation under the police power.

2. Municipal Corporations—Licensing Transient Dealers—Authority of Council.
   A city charter providing that the common council may require transient dealers to obtain license before engaging in business, and may regulate the terms of issuing the same, does not confer authority to tax the business, but merely to license it, to the end that it may be regulated.

3. Same—Validity of Ordinance—Discrimination Against Non-Residents.
   Under a charter authorizing the municipality to license and regulate the business of transient dealers, an ordinance imposing a license fee upon non-residents of the city only is invalid.

4. Same—Unreasonable Fees—Restraint of Trade.
   Whether a municipal ordinance which assumes to regulate the business of transient dealers is not unreasonable in requiring the payment of a license fee of $10 a day, and whether, if restricted to non-residents of the city, it is not open to the further objection of being in restraint of trade,—*quære*.

*Mandamus* by the city of Saginaw against Robert B. McKnight, circuit judge of Saginaw county, to compel

the vacation of an order quashing proceedings instituted for the violation of a city ordinance.  Submitted May 23, 1895.  Denied July 2, 1895.

*William G. Gage,* for relator.

*James H. Davitt,* for respondent.

HOOKER, J.   The charter of the city of Saginaw provides that—

"The common council may require transient traders and dealers to take out license before engaging in business, and regulate the terms and conditions of issuing the same."   Local Acts 1889, p. 900, § 9. .

Under the authority conferred by this section the council passed an ordinance which provides—

"That each and every person, not a resident, who shall bring into the city any goods, wares, or merchandise, with a view to disposing of the same by auction or otherwise, without any *bona fide* intention of remaining permanently in the business of selling or disposing of such goods, wares, or merchandise within the city, shall be deemed and treated as a transient trader or dealer, and before he shall sell or expose for sale any of such goods, wares, or merchandise within the city, either by auction or otherwise, he shall pay to the city treasurer, for the use of said city, the sum of $10 per day for every day or part of a day such goods, wares, or merchandise shall be exposed for sale."

The ordinance provides for the issue of a license upon such payment, and a penalty for non-compliance.   It also provides that the words "goods, wares, or merchandise" shall not be construed to include wood or fuel, or the products of the farm or dairy, when exposed or offered for sale by the producers thereof.

One McDevitt was convicted before a justice of violating this ordinance.   Upon appeal to the circuit court, the proceedings were quashed by the respondent, upon motion, upon the ground that the ordinance was invalid, and we are asked to issue a *mandamus* requiring him to

vacate his order in the premises, and proceed with the trial of the cause.

It is asserted that the ordinance is void because:

1. It discriminates between residents of the city of Saginaw and other persons.

2. It discriminates between non-residents, inasmuch as it requires a license only in cases where the goods sold are brought into the city.

3. The fee charged for the license is excessive and unreasonable.

The business of a transient dealer, if subjected to the payment of a fee, must be with a view to taxation, or to cover the expense of regulation under the police power. In this case it cannot be said that the fee can be sustained as a tax, because the charter does not indicate an intention upon the part of the legislature to authorize the municipality to tax the business, but only to license to the end that it may regulate it. The language of the charter indicates a design to promote the public good rather than to obtain revenue. As said by Mr. Justice COOLEY, in *People v. Russell*, 49 Mich. 619:

"That the regulation of hawkers and peddlers is important, if not absolutely essential, may be taken as established by the concurring practice of civilized states. They are a class of persons who travel from place to place among strangers, and the business may easily be made a pretense or a convenience to those whose real purpose is theft or fraud. The requirement of a license gives opportunity for inquiry into antecedents and character, and the payment of a fee affords some evidence that the business is not a mere pretense."

This may be measurably true of transient dealers; and it is to protect the community from imposition and fraud, rather than to obtain revenue, that, in our opinion, this power was conferred. If this is so, there is no reason for an ordinance that applies only to non-residents, as a class, and which exempts inhabitants of the city. We do not discuss the extent to which the city may go in restricting and limiting the number of said dealers, and

whether tests relating to character, etc., may be applied (see *Kitson* v. *Ann Arbor*, 26 Mich. 327; *Sherlock* v. *Stuart*, 96 Mich. 193), as this ordinance does not attempt to regulate this business upon these lines. It permits any one to engage in the business of transient dealer. If by this term is meant a dealer who goes about from place to place, there is no apparent reason for thinking that such business only needs regulation when conducted by non-residents. It seems to us that this ordinance is aimed at non-residents, and there is room for the suspicion that it was designed for the benefit of residents, and therefore open to the criticism that it is in restraint of trade. Moreover, it borders very closely upon the line of unreasonable license fees. We think the case is within the doctrine of *Brooks* v. *Mangan*, 86 Mich. 576, if not of *Chaddock* v. *Day*, 75 Mich. 527, and that the ordinance is void.

The writ will therefore be denied, with costs.

The other Justices concurred.