CITY OF GRAND RAPIDS *v.* NORMAN.

1. ORDINANCES — CONFLICTING PROVISIONS—HAWKERS AND PEDDLERS.

An objection that a city ordinance providing for licensing hawkers and peddlers, which purported to be amendatory of an ordinance that had previously been repealed, had rendered the law so uncertain as to make it impossible for peddlers to determine their exact rights, is not available to one convicted of violating a subsequent ordinance which covered the entire subject, and which operated to repeal all prior ordinances.

2. SAME—REASONABLENESS.

An ordinance vesting in the common council the right to impose a license fee of not to exceed $15 per day for hawking and peddling will not be held void as unreasonable, where a uniform fee of $30 a year has been fixed by the council thereunder.[1]

---

[1] The limit of the amount of license fees is the subject of an extensive note to *State, ex rel. Toi,* v. *French,* (Mont.) 30 L. R. A. 415.

*Certiorari* to superior court of Grand Rapids; Burlingame, J. Submitted June 18, 1896. Decided July 31, 1896.

Jacob Norman was convicted of peddling without a license, contrary to the provisions of a city ordinance, and sentenced to pay a fine of $2 and costs of prosecution, and, in default, to be confined in the county jail until such fine and costs should be paid, not exceeding 10 days. Judgment affirmed.

Defendant was convicted of hawking and peddling without having obtained a license under the provisions of an ordinance passed by the common council of the city of Grand Rapids June 26, 1893, entitled "An ordinance to revise an ordinance of the city of Grand Rapids entitled 'An ordinance relative to hucksters peddling and hawking in the city of Grand Rapids,' passed May 11, 1891, as from time to time heretofore amended."

*Wesselius & Corbitt*, for appellant.

*Henry J. Felker* and *Harvey Joslin*, for appellee.

GRANT, J. *(after stating the facts).* Two objections are raised against the ordinance.

1. It appears that an ordinance covering this subject was passed May 27, 1872, and had from time to time been amended. The ordinance of 1891 upon the same subject expressly repealed the ordinance of 1872. On April 24, 1893, the common council passed an ordinance to amend section 1 of the ordinance of 1872. Why this was done does not appear, but probably from some confusion in the then council as to what ordinance was in force, and in ignorance of the fact that the ordinance of 1872 had been repealed. However this may be, the ordinance of June 26, 1893, under which defendant was convicted, covered the entire subject, and operated to repeal the ordinance of April 24, 1893. The position of defendant's counsel is

that these various ordinances "rendered the law upon the subject of hawking and peddling uncertain to such an extent that it was not possible for persons engaging in said business to determine their exact rights, either as to the duties prescribed or the penalties inflicted for violations thereof." No such difficulty arises if it be held that the ordinance of June 26, 1893, is in force. We are of the opinion that it is, and that it repealed all other ordinances upon the same subject.

2. It is urged that the ordinance is unreasonable, and amounts to the suppression of a legitimate business. The entire power over the regulation of this business is by the charter vested in the common council, not only to regulate, but suppress. Whether the power to suppress is constitutional is not before us. The action of the common council under the ordinance does not amount to suppression. The council are vested with the right to fix the license, in no case to exceed $15 per day. During the year 1895 it was fixed at $30 per year. The ordinance is not unreasonable, nor can it be considered a tax. *City of Grand Rapids* v. *Braudy*, 105 Mich. 670, and authorities there cited.

The conviction is affirmed.

The other Justices concurred.