PEOPLE v. BAKER

1. ORDINANCES—HAWKERS AND PEDDLERS—LICENSE FEE—REASON-
   ABLENESS.
   A city ordinance requiring hawkers and peddlers to pay a
   weekly license fee of five dollars is not unreasonable.
2. SAME—PEDDLERS—WHO ARE.
   One who goes from house to house, selling his wares, is a
   "peddler," within the meaning of such ordinance, although
   he does not cry or offer his goods for sale upon the street.
3. SAME—DEFENSES TO PROSECUTION—EVIDENCE.
   Evidence that police officers and city officials have been lax
   and discriminating in their enforcement of a municipal ordi-
   nance is inadmissible upon the trial of one charged with a
   violation of such ordinance.

|     |     |
| --- | --- |
| 115 | 199 |
| f118 | 60 |
| 115 | 199 |
| 134 | 1185 |
| 115 | 199 |
| 146 | 196 |
| 115 | 199 |
| 147 | 396 |
| 115 | 199 |
| 157 | 1 28 |

Error to Ionia; Davis, J. Submitted November 5, 1897. Decided December 7, 1897.

Gerry J. Baker was convicted of peddling without a license, contrary to the provisions of a city ordinance, and sentenced to pay a fine of $10 and costs of prosecution, and, in default, to be confined in the county jail until such fine and costs should be paid, not exceeding 15 days. Judgment affirmed.

The charter of the city of Ionia empowers its common council to license and regulate hawkers, peddlers, etc. It enacted an ordinance that such persons should pay a weekly license of five dollars. Respondent was tried before the court, without a jury, and convicted of a violation of this ordinance.

*Maher & Salsbury*, for appellant.

*John Nichol*, City Attorney, for the people.

GRANT, J. (*after stating the facts*). 1. The ordinance is attacked as unreasonable, and therefore void. Counsel cite and rely upon *People* v. *Armstrong*, 73 Mich. 288 (16 Am. St. Rep. 578); *Chaddock* v. *Day*, 75 Mich. 527 (13 Am. St. Rep. 468); *Brooks* v. *Mangan*, 86 Mich. 576 (24 Am. St. Rep. 137); *City of Saginaw* v. *Saginaw Circuit Judge*, 106 Mich. 32. In *People* v. *Armstrong* the ordinance was one of express prohibition, not of license or regulation. In *Chaddock* v. *Day* it was held that the ordinance was not intended as a regulation of hawkers and peddlers, but was passed in the interests of shop dealers in fresh meat. A general ordinance had been passed in regard to hawkers and peddlers. In *Brooks* v. *Mangan* the fee was, for foot peddlers, $10 for the first day, and $5 for each subsequent day. In *City of Saginaw* v. *Saginaw Circuit Judge* the ordinance was held void because it discriminated between residents and nonresidents. Obviously, these cases do not control this. The validity of the ordinance is sus-

tained by the following decisions: *Kitson* v. *Mayor, etc., of Ann Arbor*, 26 Mich. 325; *People* v. *Russell*, 49 Mich. 617 (43 Am. Rep. 478); *City of Grand Rapids* v. *Braudy*, 105 Mich. 670; *City of Grand Rapids* v. *Norman*, 110 Mich. 544; *City of Duluth* v. *Krupp*, 46 Minn. 435; *In re White*, 43 Minn. 250. Other authorities are cited in the above cases.

2. Respondent sought to show that the police officers had failed to enforce this ordinance in some cases; that one company had been permitted to work several men under one license; that, for less than the amount fixed by the ordinance, the city officials had granted licenses; and that the mayor had made a similar proposition to the company for which respondent was peddling. This testimony was properly excluded. It is certainly a novel proposition that the validity of laws and ordinances is to be affected by what police officers and city officials do or do not do in regard to their enforcement.

3. Respondent went from house to house, selling his wares. This constituted him a peddler. It was not necessary that he should cry or offer his goods for sale upon the street.

Judgment affirmed.

The other Justices concurred.