PEOPLE *v.* BUNKER.

CONSTITUTIONAL LAW—ORDINANCES — LICENSE TAX—INTERSTATE COMMERCE.

> A municipal ordinance imposing a license fee on persons going about from place to place offering goods for sale, by sample or otherwise, is inoperative and void, as an interference with interstate commerce, in so far as it applies to one soliciting orders for goods by sample for a nonresident manufacturer, who is to ship the goods from the State of his residence.[1]

Exceptions before judgment from Hillsdale; Chester, J. Submitted June 7, 1901. Decided July 19, 1901.

F. P. Bunker was convicted of violating a municipal ordinance relating to itinerant traders. Reversed.

*Charles A. Shepard* and *Charles M. Weaver*, for appellant.

*Orville J. Cornell*, City Attorney (*W. H. Frankhauser*, of counsel), for the people.

LONG, J. On August 3, 1900, respondent was arrested on a complaint charging that:

---

[1] On the subject of peddlers and drummers as related to interstate commerce, see note to *Re Spain*, 14 L. R. A. 97.

"F. P. Bunker did on the 3d day of August, A. D. 1900, at the city of Hillsdale, in said county, go about the city of Hillsdale on foot, from place to place, carrying with him samples of goods, wares, supplies, and property, to wit, a sample jackknife, which he, the said F. P. Bunker, then and there did offer for sale by sample, without first having paid a license fee and obtained a license therefor, as provided by, and in violation of, an ordinance of the city of Hillsdale entitled ' License Ordinance,' passed May 20, 1898, and amended June 2, 1898, and August 22, 1898, and against the peace," etc.

The ordinance referred to in the above complaint reads:

"Peddlers, or persons going about said city on foot, from place to place, carrying with them any goods, wares, supplies, or property, or samples of the same, and selling or offering for sale the same, either by sample or otherwise, shall pay for each weekly license the sum of five dollars."

On being arraigned before the justice, the respondent refused to plead, and was thereupon tried before a jury, convicted, and sentenced to pay a fine. He appealed to the circuit court, and the case was there brought on for trial before a jury, which, by the direction of the court, returned a verdict of guilty. The case comes to this court on exceptions before sentence.

It appears that the respondent is a resident of Indiana, and had been employed for about a year by the Novelty Cutlery Company, whose business is located at Canton, Ohio, to sell pocketknives and razors made to order; that at the time of his arrest he was soliciting orders for pocketknives; that the samples of knives carried by him bore divers emblems, devices, and pictures, and two of them printed matter, on the handles; that he would go to business places and solicit orders from individuals, giving the customer the choice of any of the shapes, or combination of them, any style of blade, putting on name if desired, or photograph, emblem, or device, as might be chosen by the customer; that he carried nothing but knives; that if he took an order he would send it in to the

company at Canton, Ohio, and it would be there made, and sent to him for future delivery. In this manner he solicited and procured orders from several persons. Respondent testified that he did not have with him, or at any place in the State, any stock of knives with which to furnish customers or to fill orders; that every knife for which an order would be taken would be furnished by the firm at Canton, and sent to him for delivery. On the trial, counsel for respondent objected to the introduction of any evidence under the complaint, the principal objection being that the ordinance was invalid in so far as it affects those engaged in interstate commerce, because in violation of section 8, art. 1, of the Constitution of the United States, which vests in the Congress of the United States the power to regulate commerce among the several States.

We think counsel are right in their contention, and that the jury should have been directed to acquit the respondent. The case is ruled by *Brennan* v. *City of Titusville*, 153 U. S. 289 (14 Sup. Ct. 829). In that case it appeared that the ordinance required persons who solicited orders on behalf of manufacturers of goods to take out a license and pay a tax therefor. The ordinance was passed under authority conferred by a statute of the State granting municipalities power to levy and collect license taxes on hawkers and peddlers. It was held that this was not an exercise of the police power of the State, but of the taxing power, and imposed a tax upon interstate commerce, in violation of the provisions of the Constitution of the United States. It appeared that picture frames which respondent was selling by sample were manufactured in Chicago, Ill., and the manufacturer resided in that State. He employed respondent as his agent to travel and solicit orders for picture frames in the State of Pennsylvania and other States. Upon receiving orders for the frames, he forwarded them to the manufacturer at Chicago, and the goods were sent by express either to the purchaser or to the agent, and the moneys collected and sent to the manu-

facturer. Mr. Justice Brewer, after a review of the cases in that court, said:

"It is undoubtedly true that there are many police regulations which do affect interstate commerce, but which have been and will be sustained as clearly within the power of the State; but we think it must be considered, in view of a long line of decisions, that it is settled that nothing which is a direct burden upon interstate commerce can be imposed by the State without the assent of Congress."

The court then refers to the case of *Leloup* v. *Port of Mobile*, 127 U. S. 640 (8 Sup. Ct. 1380), quoting the language of Mr. Justice Bradley in that case, as follows:

"Of course, the exaction of a license tax as a condition of doing any particular business is a tax on the occupation, and a tax on the occupation of doing a business is surely a tax on the business."

The court, continuing, said:

"It is clear, therefore, that this license tax is not a mere police regulation, simply inconveniencing one engaged in interstate commerce, and so only indirectly affecting the business, but is a direct charge and burden upon that business; and, if a State may lawfully exact it, it may increase the amount of the exaction until all interstate commerce in this mode ceases to be possible."

The court also referred to the case of *Robbins* v. *Taxing District*, 120 U. S. 489 (7 Sup. Ct. 592), and said:

"Robbins was engaged in soliciting in the city of Memphis, Tenn., the sales of goods for a Cincinnati firm, exhibiting samples for the purpose of effecting such sales, his employment being that which is usually denominated that of a 'drummer.' This business was declared by a statute of Tennessee to be a privilege for which a license tax was required. Robbins was convicted of a violation of that statute. The statute made no discrimination between those who represented business houses out of the State and those representing like houses within the State. There was therefore no element of discrimination in the case; but nevertheless the conviction was set aside by this court on the ground that, whatever the State might see fit to enact with reference to a license tax upon those who acted

as drummers for houses within the State, it could not impose upon those who acted as drummers for business houses outside of the State (and who were therefore engaged in interstate commerce) any burden by way of a license tax."

We think the present case comes so fully within the rule in that case and the cases cited that any discussion of it is unnecessary. The court below was in error in sustaining the conviction.

The conviction must be set aside, and the respondent discharged.

The other Justices concurred.