CITY OF ALMA *v.* CLOW.

146   443
147   397

146   443
153   ¹491

146   443
157    28

1. HAWKERS AND PEDDLERS — MEANING OF TERMS — WHO IN-
CLUDED.
   Under the statutes of Michigan, the terms "hawkers and ped-
   dlers" include persons who travel from place to place for the
   purpose of taking orders for the purchase of goods, wares, or
   merchandise by sample, lists, or catalogues.

2. SAME—REGULATION—PROPRIETY.
   The power to regulate the business of hawking and peddling
   cannot be questioned.

3. SAME—MUNICIPAL ORDINANCE—CONFLICT WITH GENERAL LAW.
   That the legislature has passed a general law in relation to the
   business of hawking and peddling is no reason why a city in
   the exercise of its charter powers may not also impose regu-
   lations upon the business.

Error to Gratiot; Stone, J. Submitted April 20, 1906.
(Docket No. 110.)   Decided December 3, 1906.

Frank E. Clow was convicted of peddling without a
license, and sentenced to pay a fine of $50 or in default
thereof to 40 days' imprisonment in the county jail.  Af-
firmed.

*W. W. Wicker* (*John C. Donnelly*, of counsel), for
appellant.

*James G. Kress*, for appellee.

MOORE, J.   The respondent was convicted of a viola-
tion of a city ordinance, and has brought the case here
for review.   The facts are substantially the same, so far as
the acts of the respondent are concerned, as the case of
*City of Muskegon* v. *Zeeryp*, 134 Mich. 181.   If you
substitute the word "Clow" for the word "Zeeryp," the
word "Alma" for the word "Muskegon," and the word

"Saginaw" for the words "Grand Rapids," in the. *Case of Zeeryp*, you would have substantially this case.

Alma is a city of the fourth class, incorporated under the provisions of Act No. 215 of the Public Acts of 1895. To such cities, among other powers, is given the following:

"Every city incorporated under the provisions of this act shall, in addition to such other powers as are herein conferred, have the general powers and authority in this chapter mentioned; and the council may pass ordinances in relation thereto, and for the exercise of the same, as they may deem proper, namely:

"*Eleventh*. To license hawkers, peddlers and pawnbrokers, and hawking and peddling, and to regulate, license or prohibit the sale or peddling of goods, wares, merchandise, refreshments or any kind of property or thing by persons going about from place to place in the city for that purpose, or from any stand, cart, vehicle, or other device, in or upon the streets, highways, alleys, sidewalks, or in or upon the wharves, docks, or from boats, open places or spaces, public grounds or buildings in the city.

"*Fortieth*. The council shall further have authority to enact all ordinances, and to make all such regulations, consistent with the laws and Constitution of the State, as they may deem necessary for the safety, order and good government of the city, and the general welfare of the inhabitants thereof. * * *" Section 3107, 1 Comp. Laws.

Acting under the powers so conferred, the city passed an ordinance, the material parts of which, so far as relate to this case, are as follows:

"An ordinance of the city of Alma, Michigan, relative to hawkers, peddlers and itinerant venders, and to regulate the sale or the peddling of goods, wares, merchandise, refreshments, or any kind of property or thing whatsoever, by persons going about from place to place in said city of Alma for that purpose, or from any stand, cart, vehicle, or other device, in or upon the streets, highways, sidewalks or in any open place or places, or space, public grounds or buildings, or in private buildings, in said city, and to provide a punishment or for-

feiture for every person, who, without license, or contrary to the terms of any license granted him, shall, within said city of Alma, sell, offer for sale, or solicit orders for any goods, wares, merchandise, refreshments or any kind of property or thing whatsoever.

"SEC. 2. The term and words 'hawker or peddler,' for the purpose of and as used in this ordinance, shall be construed to mean and include, any person who shall go about from place to place within the said city, in any manner whatsoever, or who shall, from any stand, cart, vehicle or other device, in or upon any street, highway, sidewalk or in or upon any open place or places, or space or public building or grounds or private building or grounds, within said city, or who shall by sample or otherwise, from any hotel, public building or other place within said city sell, offer for sale, or solicit orders for any goods, wares, merchandise, refreshments or any kind of property or thing whatsoever to any person not a dealer therein.

"SEC. 4. No hawker or peddler shall sell, offer for sale, or solicit orders for, by sample or otherwise, any goods, wares, merchandise, refreshments, or any kind of property or thing whatsoever, within the city of Alma, without first having paid for and obtained from the city clerk a license to do so.

"SEC. 5. The rates to be charged and collected by the city clerk for any license issued to a hawker or peddler, shall be as follows:

"(a) Any hawker or peddler, who shall travel from house to house for the purpose of selling, offering for sale, or soliciting orders for, by sample or otherwise, any goods, wares, merchandise, refreshments, or any kind of property or thing whatsoever, shall pay the sum of three ($3.00) dollars per day for each day or fractional part thereof, for any number of days not exceeding ten (10) and for any number of days exceeding ten and not exceeding one year, shall pay the sum of thirty ($30.00) dollars."

Section 11 provides a penalty for a violation.

Upon the trial counsel for the respondent moved the court to enter a verdict and judgment herein of not guilty, for the reasons:

1. That said ordinance in so far as it attempts to regu-

late and license the soliciting of orders for the future delivery of goods at retail, is void.

2. Because said ordinance in so far as it requires the payment of a license fee by hawkers or peddlers or persons traveling from house to house for the purpose of selling, offering for sale, or soliciting orders for goods, wares, and merchandise, is void as being contrary to and in conflict with sections 5324 to 5331, inclusive, of the Compiled Laws of the State of Michigan of 1897.

3. Because the common council of the city of Alma have no power to pass any ordinance, license or regulate the soliciting of orders for future delivery by going from house to house for that purpose or for delivering the goods, wares, and merchandise so ordered.

The circuit judge was of the opinion that the case falls within the principles and reasoning of *People* v. *Sawyer*, 106 Mich. 428, and *City of Muskegon* v. *Zeeryp*, 134 Mich. 181.

Counsel criticise the first of these cases, and think it improperly decided. They suggest that the quotation with approval by Justice LONG from *Graffty* v. *City of Rushville*, 107 Ind. 506, was not necessary to a decision of the case. They think the other cases cited in the opinion of Justice LONG are not in point.

Some light is thrown upon what may be included in the term "hawking and peddling" by the legislation in this State. For at least 60 years we have had legislation upon that subject. Act No. 272 of the Laws of 1865 amended the general statute. The title to the act reads:

"An act to amend sections sixteen, eighteen, twenty-one and twenty-two of chapter eighteen, of the Compiled Laws, relative to hawkers and peddlers."

Section 16 reads:

"No person shall be authorized to travel from place to place within this State, for the purpose of carrying to sell, or exposing to sale any goods, wares or merchandise, or to take orders for the purchase of goods, wares or merchandise by sample lists or catalogues, unless he shall have obtained a license as a hawker and peddler in the manner hereinafter directed."

It will be observed that under an act entitled, "An act relative to hawkers and peddlers" the legislature thought it competent to say that before persons could travel from place to place for the purpose of taking orders for the purchase of goods, wares, or merchandise by sample, lists, or catalogues they must first obtain a license as a hawker or peddler. We think what was said by Justice LONG was not foreign to the subject under discussion.

Counsel seek to distinguish this case from *City of Muskegon* v. *Zeeryp*, supra, by saying that the city of Muskegon had greater power conferred upon it by its charter than is conferred by the statute upon cities of the fourth class. We think a comparison of the charter with what we have quoted from the statute will show the contention is not well taken. As to this feature of the case we think the learned circuit judge was right in holding the case within the case cited by him.

It is said the ordinance is in conflict with the State law as found in chapter 136, 2 Comp. Laws, and therefore void. We quote from the brief of counsel:

"It would not seem necessary to cite authorities in support of the proposition that a license so granted by the State would be a complete justification for the carrying on of the business mentioned in the license, yet, these inferior municipalities, actuated by selfishness and the desire to swell the volume of business of their local dealers, may wholly prohibit within the limits of the municipality the transaction of business for which the licensee received the license, and by such local legislation as we have under consideration, limit the scope and effect of the act of the State in granting the license.

"It will be noted that the provisions of this ordinance are expressly pointed at, and directly result in the defeat of the State license, because it gives to the local person who sells the product of his own factory, or the produce of his own labor, the right to peddle the same without regulation or fee. It is directly aimed at a nonresident. We assert that the legislature cannot confer upon the municipality the power to prohibit a lawful business.

"This ordinance is clearly in contradiction of the State law, and therefore is void," citing *Mayor, etc., of New*

*York* v. *Nichols*, 4 Hill (N. Y.), 209; *Thompson* v. *City of Mt. Vernon*, 11 Ohio St. 688.

It is not necessary for us to decide whether the legislature could authorize a municipality to prohibit a lawful business. The city of Alma has not so undertaken in the ordinance under discussion. The power to regulate the business of hawking and peddling has long been recognized in this State. Justice COOLEY, in speaking for the court in *People* v. *Russell*, 49 Mich. 617, said:

"That the regulation of hawkers and peddlers is important if not absolutely essential may be taken as established by the concurring practice of civilized States. They are a class of persons who travel from place to place among strangers, and the business may easily be made a pretense or a convenience to those whose real purpose is theft or fraud. The requirement of a license gives opportunity for inquiry into antecedents and character, and the payment of a fee affords some evidence that the business is not a mere pretense."

See, also, *Boston Beer Co.* v. *Massachusetts*, 97 U. S. 25; *People* v. *Phippin*, 70 Mich. 18, and the cases cited in *City of Muskegon* v. *Zeeryp*, supra.

It is said that, as the legislature has passed a general law in relation to the business or calling, it is not competent for the municipality to legislate upon the same subject. In 1 Dillon on Municipal Corporations (4th Ed.), p. 435, it is said:

" Questions of difficulty have arisen in consequence of grants of power to municipal corporations to make ordinances respecting matters and acts already regulated by general statute, and, if criminal in their nature, punishable under the laws of the State. Hence, the same act comes to be forbidden by general statute and by the ordinance of a municipal corporation, each providing a separate and different punishment. The same transaction may, if complex in its nature, be in one part of it an offense against the general law, and in another against the by-law; but such cases present no difficulty. But can the same act be twice punished, once under the ordinance, and once under the statute ? The cases on this subject

cannot be reconciled. Some hold that the same act may be a double offense, one against the State and one against the corporation. Others regard the act as constituting a single offense, and hold that it can be punished but once, and may be thus punished by whichever party first acquires jurisdiction."

See, also, the many cases cited in the note on page 437, including Cooley on Constitutional Limitations, p. 199. For cases having some bearing upon ¸the ·question, see *Wolf* v. *City of Lansing*, 53 Mich. 367; *People* v. *Hanrahan*, 75 Mich. 611 (4 L. R. A. 751); *People* v. *Blom*, 120 Mich. 45, and the many cases cited in the last-named case.

The conviction is affirmed.

CARPENTER, C. J., and McALVAY and MONTGOMERY, JJ., concurred with MOORE, J.

OSTRANDER, J. (*concurring*). Whether one holding a State license, and going from place to place to peddle, could be required to obtain an additional license in each community in which he sold goods, does not seem to me to be a point for decision in this case. Respondent has no State license, and does not sell goods outside of the city of Alma. I concur in holding the case ruled by *City of Muskegon* v. *Zeeryp*, 134 Mich. 181.