PEOPLE v. STEWART.

1. CRIMINAL LAW—STATUTES—COMPLAINT AND WARRANT—SUFFI-
CIENCY—NEGATIVING EXCEPTIONS.

Under 2 Comp. Laws, § 5324 *et seq.*, a complaint and warrant
charging respondent with selling goods by sample without a
license is sufficient without negativing the exceptions men-
tioned in a subsequent section of the statute.

2. CONSTITUTIONAL LAW — INTERSTATE COMMERCE — SALES BY
SAMPLE—LICENSE.

The provisions of the statute (2 Comp. Laws, § 5324), prohibit-
ing the sale of goods by sample without a license are not in
violation of the Federal Constitution relative to interstate
commerce.[1]

3. SAME.

Respondent, who engaged in soliciting orders in Michigan for
groceries and other goods by sample, having a place of busi-
ness in Illinois from which he shipped goods in bulk not
designated to any particular purchaser, consigned to respond-
ent in person, who also kept goods in storage in Michigan,
and delivered orders from the stock, was not carrying on in-
terstate commerce.

4. SAME—STATUTES.

If Act No. 225, Pub. Acts 1907, is unconstitutional as a dis-
crimination against nonresidents of the State, respondent is
chargeable with a violation of the previously existing law (2
Comp. Laws, §§ 5324, 5330), which remains in force.

5. CRIMINAL LAW — HAWKERS AND PEDDLERS — MISDEMEANORS —
LIMITATION OF ACTIONS.

The proviso in the statute requiring prosecutions for the re-
covery of the statutory penalty to be brought within sixty
days does not affect a charge for engaging in business with-
out a license but relates only to the recovery of the penalty
prescribed by section 5331.

6. SAME—DATE OF OFFENSE.

In the case of a complaint and warrant alleging the date of the

[1]License tax on hawkers and peddlers and persons engaged in
soliciting orders by sample or otherwise as a violation of the com-
merce clause, see notes in 19 L. R. A. (N. S.) 297; and 28 L. R. A.
(N. S.) 265.

offense under a *videlicet*, the prosecution is not limited to the exact day alleged, unless an election as to the date is asked for and required on the trial.

7. SAME—EVIDENCE.
Evidence of actual sales made by respondent was admissible.

8. SAME—DIRECTING VERDICT—TRIAL.
It was not error for the circuit judge to advise the jury, under uncontradicted evidence, that respondent was guilty of violating the statute where the privilege of retiring to the jury room, electing a foreman and returning a verdict was accorded to them, and where the conclusion of the judge was correct, and a verdict of guilty was returned.

Exceptions before sentence from Berrien; Coolidge, J. Submitted June 23, 1911. (Docket No. 2.) Decided November 3, 1911.

David J. Stewart was convicted of selling goods by sample without a license. Affirmed.

*Franz C. Kuhn*, Attorney General, and *William H. Andrews*, Prosecuting Attorney, for the people.

*George W. Bridgman*, for defendant.

STONE, J. This case is before this court upon exceptions after conviction and before sentence. The case originated in justice's court. The charge against the respondent, dated the 8th day of November, 1909, was that theretofore, to wit, on the 1st day of August, 1909, at the county of Berrien, and for ten days preceding that date, one David J. Stewart did travel from place to place within the county of Berrien, State of Michigan, for the purpose of taking orders for the purchase of goods, wares, and merchandise, by sample lists and catalogues, without having then and there obtained a license as a hawker and peddler, as required and provided by chapter 136 of the Compiled Laws of Michigan of 1897, as amended. The respondent stood mute when arraigned in justice's court, and upon conviction there he appealed to the circuit court, where the conviction here complained of occurred.

The statute (section 5324, 2 Comp. Laws) under which the respondent was arrested is as follows:

"No person shall be authorized to travel from place to place within this State, for the purpose of carrying to sell or exposing to sale any goods, wares, or merchandise, or to take orders for the purchase of goods, wares, or merchandise, by sample lists or catalogues, unless he shall have obtained a license as a hawker and peddler in the manner hereinafter directed."

By the terms of section 5329, 2 Comp. Laws, a violation of this statute is made a misdemeanor, and it is provided that upon conviction thereof before any court of competent jurisdiction the offender shall be punished by a fine of not more than $50 and costs of prosecution, or by imprisonment in the county jail for a period not exceeding three months, or by both such fine and imprisonment, in the discretion of the court before which the conviction may be had.

Upon the trial in the circuit court, the evidence tended to show that the respondent had for many years lived in the city of Chicago, Ill., and had been engaged in the running of a general store there, carrying a general stock of goods amounting to about $3,000 or $4,000. This store appears to have been in charge of respondent's wife, brother, and son, while the respondent has spent most of his time for the past several years in Michigan, soliciting orders and selling goods, which were shipped into Michigan from his store. He has never obtained nor procured a license as required by the statutes above referred to. The course of business seems to have been that the respondent would ship these goods to St. Joseph in car load lots, and included therein were flour, sugar, coffee, tea, soaps, etc. The sugar was put up in packages of 25, 50, and 100 pound sizes, and the sugar was packed together. Teas, coffees, flour, and many other articles were put up in packages varying in size, and placed in the car. Each kind of goods was packed separately; that is, all coffee in

one bulk, and all tea in one bulk, etc.   This car of goods would be consigned to the respondent himself, and there was no mark of any kind upon any of the goods to identify the goods with any particular order, or any particular person.   When the car arrived, the respondent would fill therefrom orders, which he claimed to have previously solicited and taken.   When an order of goods which had been taken was refused, or for any reason the order of goods was not delivered, the goods would be returned to the car, or placed in a warehouse or storehouse provided by respondent for that purpose.   At the time respondent took orders, his practice was to make out a duplicate slip of each order, forwarding one to the Chicago house and retaining the other, and from the slip retained he would fill the various orders from the car.   The retained slip seems to have been the only means that respondent had of determining the contents of the various orders, or to whom they belonged.   The car would be allowed to remain upon the side track at St. Joseph for several days, from which place the delivery of goods would be made, and from which place respondent would sell goods at times.   It appeared in the evidence that at the time of the trial in the circuit court respondent had a stock of goods amounting to about $100 stored in his warehouse or storehouse in the city of Benton Harbor, from which latter place he would make deliveries for either orders taken or goods sold.

We think the main questions in the case to be considered under the assignments of error were embraced in objections to all testimony made by respondent's counsel upon the trial.   These objections were:

(1) That the complaint and warrant set forth no crime known to the laws of the State of Michigan.

(2) That the complaint and warrant do not negative or show that the defendant was not selling his own work or production by sample; nor that he was not peddling meat or fish; nor that he was not a merchant, and was conducting a regularly established mercantile business in the county of Berrien for at least one year previous; nor that

he was not a wholesale merchant selling by sample to dealers.

(3) That the law of the State of Michigan mentioned in the complaint and warrant in this case, and upon which such complaint and warrant are made, is unconstitutional for the following reasons: That such law is in violation of section 8, art. 1, of the Constitution of the United States, which vests in the Congress of the United States the power to regulate commerce between the States; and also in violation of section 2, art. 4, of such Constitution, which provides that citizens of each State shall be entitled to all the privileges and immunities of the citizens of the several States; and also that such law is in violation of article 1 of the fourteenth amendment to the Constitution of the United States, which provides that no State shall make or enforce any law which abridges the privileges or immunities of the citizens of the United States, nor deny to any person the equal protection of the laws. Because such law discriminates against the citizens of different States, and is in restraint of interstate commerce in this: That such law expressly exempts from its operation any merchant who has been conducting a regularly established mercantile business in any county of the State for a period of at least one year previous; and also provides that any wholesale merchant shall not be prevented by anything therein contained from selling to dealers by sample without any license.

(4) Because no proceedings were had, as appears by the complaint and warrant in this case, and such complaint and warrant were not issued until after 60 days from the time in which the offense mentioned in such complaint and warrant were alleged to have been committed.

It is also urged in the assignments of error that the court erred in not confining the testimony to transactions occurring within the ten days limited in the complaint and warrant; and that the court erred in its charge to the jury.

1, 2. The first and second objections urged may be considered together. Perhaps it is sufficient to say that they are not discussed by appellant's counsel in his brief. We think, however, that, under the repeated decisions of this court

the complaint and warrant did state and charge an offense within the statute, and that the exceptions being in a separate section were not required to be negatived in the complaint and warrant.

3. Coming to the third point urged by respondent's counsel, wherein he contends that the act in question is unconstitutional, and that the case at bar comes within the interstate commerce laws, and is governed by the case of *People* v. *Bunker*, 128 Mich. 160 (87 N. W. 90), we are of opinion that this statute, which has been sustained in numerous cases, is not unconstitutional for the reasons stated; and that, while we recognize the soundness of the doctrine announced in *People* v. *Bunker, supra,* we do not think it governs this case. The facts in that case differ materially from those in the instant case. In the *Bunker Case,* respondent was selling knives by sample; and, as stated in the opinion, he did not have with him, or at any place in the State, any stock of knives with which to furnish customers, or to fill orders; that every knife for which an order would be taken would be furnished by the firm at Canton and sent to him for delivery.

The further case cited by counsel, that of *Brennan* v. *Titusville,* 153 U. S. 289 (14 Sup. Ct. 829), cited in the *Bunker Case,* is a case where picture frames were sold only by sample, were manufactured in Illinois, and the goods were sent by express, either to the purchaser or to the agent, and the moneys collected and sent to the manufacturer. Here the respondent solicited orders, and shipments were made in car load lots in bulk, unidentified, and consigned to the respondent. Refused goods were returned to the car, or a warehouse or storehouse kept and maintained by respondent, and new orders were filled and goods sold from this place. None of the orders was kept separate, nor was any identification mark placed upon any of the goods to distinguish them, or to indicate that they belonged to any particular order or person; and the sales were really made in this State. Many authorities could

. be cited holding that the interstate commerce law does not obtain under such circumstances. The decisions of this court have so decisively settled this question that we do not cite other authorities. *People* v. *Sawyer*, 106 Mich. 428 (64 N. W. 333); *City of Muskegon* v. *Zeeryp*, 134 Mich. 181 (96 N. W. 502); *City of Alma* v. *Clow*, 146 Mich. 443 (109 N. W. 853); *People* v. *Smith*, 147 Mich. 391–397 (110 N. W. 1102); *City of Muskegon* v. *Hanes*, 149 Mich. 460 (112 N. W. 1077); *Despres, Bridges & Noel* v. *Zierleyn*, 163 Mich. 399 (128 N. W. 769).

The circuit judge held, and so charged the jury, that, where the goods were shipped in bulk, consigned to respondent, and no mark upon any of the goods to indicate that they were for any particular order, or any particular person, the respondent was not within the protection of the interstate commerce law. There was undisputed evidence at the trial that at the car the respondent carried on a part of his business, as well as at the storehouse. We think the holding of the circuit judge finds support in the cases above cited.

In 1897, Act No. 248 of the Public Acts of that year was enacted, which was held unconstitutional by this court in *Rodgers* v. *Kent Circuit Judge*, 115 Mich. 441 (73 N. W. 381), for the same reason that is urged against the amendment in Act No. 225, Pub. Acts 1907, to wit, that it discriminated against a nonresident of the State. If it is true, as is urged, that Act No. 225, last above referred to, is unconstitutional for the same reason, then section 5330, 2 Comp. Laws, remains in force.

4. The next ground of error urged is that the complaint was not made and warrant issued until after 60 days from the time in which the offense charged was alleged to have been committed. We have already stated that the offense with which we are here dealing is by the statute made a misdemeanor. There are certain penalties provided for in the chapter under consideration. For instance, section 5331 provides:

"Every person who shall be found traveling and trading as aforesaid, and who shall refuse to produce a license as a hawker or peddler to any officer or citizen who shall demand the same, shall, for each offense, forfeit the sum of ten dollars."

Then follows section 5331b, which provides that no prosecution for the recovery of any penalty imposed for any violation of the provisions of this chapter, relating to hawkers and peddlers, shall be maintained, unless it shall be brought within 60 days after the commission of the offense charged. Respondent's counsel urges that this last section applies to the offense charged in this case. We do not so read the statute. The provision clearly relates to prosecutions for the recovery of the penalty, and has no application here. This offense being a misdemeanor will be governed by the general statute with reference to the limitation of actions.

As the offense charged in the complaint and warrant was alleged with a *videlicit*, the prosecution was not confined to the exact day alleged. The record does not disclose that respondent asked that the prosecutor should elect as to the date upon which he relied, and we do not think this question is open. We find no error in the ruling of the court in receiving evidence of actual sales. They tended to show that the respondent was engaged in the business of hawking and peddling.

We shall not consider all of the exceptions relating to the charge of the court, for the reason that the circuit judge, under the undisputed evidence in the case, found that the respondent had violated the statute, in his opinion, and so stated to the jury, giving the jury, however, the privilege of retiring to their room, selecting a foreman, and returning a verdict. This privilege was exercised by the jury, and they returned a verdict of guilty. A careful reading of the record satisfies us that the conclusion reached by the circuit judge was the correct one, and it is not important to consider other parts of the charge; the jury having reached the same conclusion.

We find no reversible error in this record. The conviction is affirmed, and the circuit court is directed to proceed to judgment thereon.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.