[No. 11713.   Department Two.   June 6, 1914.]

THE CITY OF POMEROY, *Respondent*, v. A. P. RUTHERFORD,
*Appellant*.[1]

HAWKERS AND PEDDLERS—DEFINITION—SOLICITATION BY SAMPLES.
One who solicits the sale of goods by sample, in a house to house
canvass, and later fills the orders by delivery from a house where
he had assembled the orders from goods shipped to him, is a "ped-
dler," both at common law, and within an ordinance for the licens-
ing of peddlers which provided that a peddler selling from samples
and maintaining a supply depot within the city shall be deemed a
peddler.

Appeal from a judgment of the superior court for Gar-
field county, Miller, J., entered January 29, 1913, upon a
trial and conviction of peddling without a license.   Affirmed.

*G. W. Jewett, Charles M. Chamberlain*, and *Moye Wicks*,
for appellant.

*C. Alex McCabe* and *E. V. Kuykendall*, for respondent.

FULLERTON, J.—The city of Pomeroy duly enacted an ordi-
nance prohibiting any person, firm, or corporation from prose-
cuting or carrying on certain named businesses, occupations,
and professions, within the corporate limits of the city, with-
out first obtaining a license therefor.   Among the occupa-
tions enumerated was that of peddling merchandise, and for
this occupation the person desiring to engage therein was
required to pay a fee varying with the length of time for
which the license was taken.   The section of the ordinance
relating to peddlers of merchandise also provided, "that each
peddler selling from samples, and maintaining a supply depot
within the corporate limits of the city, shall be considered a
peddler within the terms of this ordinance."

The appellant was arrested on a warrant issued out of a
justice's court for a violation of the ordinance, and on a
trial in that court was convicted and sentenced to pay a

[1]Reported in 141 Pac. 178.

fine. He appealed to the superior court from the judgment of conviction, and on a retrial therein was again convicted. From the judgment pronounced upon him on the last mentioned conviction, he appeals to this court.

The appellant was engaged in selling baking powder, tea, coffee, sugar, and spice. He would make a house to house canvass, carrying samples of his goods, and solicit orders from the inmates of the houses visited, agreeing to deliver goods of the character desired of the grades shown by the samples. When he had accumulated a reasonable number of orders, he would send them to a concern doing business in a neighboring city to be filled. The manner in which the orders were filled seems to be thought to have a bearing upon the controversy, and is a subject of dispute between the parties. The evidence does not make the point entirely clear, but we gather therefrom that the concern filling the orders would select from its stock quantities of the several articles ordered equal to the sum total of the orders. The bulk articles, such as coffee, sugar, and perhaps tea, would be placed in packages in weight and quality corresponding with the several orders; while the articles usually sold in the containers in which they were received from the manufacturers, such as baking powder and spice, would be left in the original containers. The whole would then be packed in boxes in a manner to secure their safe transfer, and consigned to the appellant at Pomeroy. The appellant, on receipt of the packages, would take them to a house in Pomeroy, which he had secured in which to store the goods, where he would assemble them according to the several orders, and afterwards deliver them to his several customers, collecting the sums agreed to be paid therefor at the time of the delivery.

The appellant contends that, under the facts shown, he was not a peddler, either as that term is understood in its ordinary and usual signification, or as defined by the ordinance of the city which requires peddlers to take out a license prior to following their vocation. It is argued that a peddler,

in its ordinary signification, is a small retail dealer, who travels from house to house, or from place to place, either on foot, or in a vehicle, and exposes and sells merchandise which he carries with him, and is not a person who first goes about in the same manner, takes orders for goods according to a sample, and afterwards carries the goods to the person giving the order; and second, that he is not a peddler within the definition of the ordinance, because he did not maintain a supply depot within the corporate limits of the city of Pomeroy.

We think, however, that neither of these contentions are maintainable. Unquestionably, the definition of a peddler, as given by the older authorities, contemplates a person who carries with him the goods and wares he has for sale, and not a person who first solicits orders for such merchandise and subsequently delivers it in fulfillment of the orders, and there are modern cases which maintain the same principle. But we think the trend of authority is to widen the definition. In *Graffty v. City of Rushville*, 107 Ind. 502, 8 N. E. 609, 57 Am. Rep. 128, it was held that a statute authorizing municipalities to license hawkers and peddlers, authorized the licensing of persons going from house to house selling or offering for sale goods at retail, whether the goods be carried along for delivery presently, or whether the sales were made by sample for future delivery. In the course of the opinion, the court said:

"If the itinerant trader may avoid an ordinance enacted to subserve the ends which we have supposed, by going from house to house, making sales, merely exhibiting samples of his wares, leaving another to follow to deliver the goods, or making the delivery by any other method, all the evils which were intended to be guarded against remain; while none of the protection contemplated is afforded. . . .

"Any method of selling goods, wares or merchandise by outcry on the streets, or public places in a city, or by attracting persons to purchase goods exposed for sale at such places, by placards or signals, or by going from house to house, sell-

ing or offering goods for sale at retail, to individuals not dealers in such commodities, whether the goods be carried along for delivery presently, or whether the sales are made for future delivery, constitutes the person so selling a hawker or peddler within the meaning of the statute."

To the same effect are the cases of *People v. Sawyer*, 106 Mich. 428, 64 N. W. 333; *City of Alma v. Clow*, 146 Mich. 443, 109 N. W. 853; *Allport v. Murphy*, 153 Mich. 486, 116 N. W. 1070; and *Titusville v. Brennan*, 143 Pa. St. 642, 22 Atl. 893, 24 Am. St. 580.

On principle it would seem hard to make a rational distinction between the vocation of a person who makes sales of wares by canvass from house to house and delivers the wares immediately, and one who sells in the same manner but delivers later on in the same day, or on the next or some succeeding day. As was said in the Pennsylvania case cited:

"There is in each case the same intrusive domiciliary visitation, the same relentless pursuit of a purchaser, the same practiced and persistent itinerant salesman adroitly pressing his wares on the attention of those who neither need nor wish for them, but who are unable to resist the wiles or penetrate the deception practiced upon them."

The purpose of the ordinance is both regulation and revenue, and when the vocation followed is within the spirit of the ordinance, one guilty of violating such spirit ought not to be allowed to escape on a too narrow definition of its terms.

But we think the appellant is guilty under the definition of a peddler contained in the ordinance. Clearly he sold by sample and maintained a supply depot within the corporate limits of the city of Pomeroy. The depot may not have been extensive, but it was the immediate source from which he drew the supplies for delivery to his customers, and thus comes within the accepted definitions of the term.

The judgment is affirmed.

Crow, C. J., Morris, Parker, and Mount, JJ., concur.